### UNITED STATES v. PACKER.

#### No. 116, Docket 22514.

United States Court of Appeals Second Circuit.

Argued Dec. 11, 1952.

Decided Dec. 31, 1952.

Herman Adlerstein, New York City, for defendant-appellant.

Myles J. Lane, U. S. Atty., Daniel H. Greenberg, Thomas F. Burchill, Jr., and Silvio J. Mollo, Asst. U. S. Attys., New York City, for United States of America, plaintiff-appellee.

Before AUGUSTUS N. HAND, and CLARK and FRANK, Circuit Judges.

PER CURIAM.

The defendant was convicted for violation of 50 U.S.C.A.Appendix, § 462 in

failing to take the symbolic "one step forward" required for his induction into the armed forces. The government argues that he waived the claim to be classified as a conscientious objector, which he is now asserting, because he did not set it forth in his answer to the selective service questionnaire. He was, however, later given by his Draft Board a form to fill out for the statement of his claim. When the Board declined to reopen his classification, the Director of Selective Service of New York City wrote the Local Board, saying that since the defendant had been furnished with the form on which to make his contention, "[t]his may be considered indicative on the part of the Local Board to reopen and reconsider the registrant's claim anew. If this could be considered a reopening, then, pursuant to the regulations, the registrant should have been mailed a new notice of classification, SS Form 110, and thereafter his rights to appeal could have been extended an additional ten days. Rather than sending out a new SS Form No. 116 [sic] at this time, it is suggested that his notice of induction be cancelled and that his case be sent to the Appeal Board, on the questions of objection to combatant and non-combatant duty as a conscientious objector." Government's Exhibit 2K, Transcript of Record, p. 30.

Since the Local Board cancelled the defendant's order of induction and he was allowed to take an appeal to the Appeal Board, which classified him in 1A, it is our opinion that the Local Board permitted the reopening of his case and that any previous waiver may not now be claimed by the government. See 32 C.F.R. 1625.2.[1] Moreover, the letter from the Director of Selective Service for the City of New York, considered under 32 C.F.R.

---

1. " § 1625.2 *When registrant's classification may be reopened and considered anew.* The local board may reopen and consider anew the classification of a registrant (1) upon the written request of the registrant, * * * if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification; or (2) upon its own motion if such action is based upon facts not considered when the registrant was classified which, if true, would justify a change in the registrant's classification; provided, in either event, the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction, * * * unless the local board first

542

§ 1604.13 as a State Director, may be regarded as a request that the Local Board reopen the defendant's case. 32 C.F.R. § 1625.3.[2]

At the hearing before the Hearing Officer of the Department of Justice the defendant was denied the right to see the F.B.I. report on which the eventual recommendation of the Department of Justice to the Appeal Board that the defendant's claim as a conscientious objector be denied was in part based. In United States v. Nugent, 2 Cir., 200 F.2d 46, we held such a denial to be reversible error. It is true that in the case at bar the defendant was told that the F.B.I. report was altogether favorable to him. But the correctness of such a representation was in our opinion a matter which the defendant was entitled to judge for himself by seeing the original F.B.I. record. On the authority of our decision in United States v. Nugent, supra, the judgment is

Reversed.

specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."

2. "§ 1625.3 *When registrant's classification shall be reopened and considered anew.* The local board shall reopen and consider anew the classification of a registrant upon the written request of the State Director of Selective Service * * * and upon receipt of such request shall immediately cancel any Order to Report for Induction * * * which may have been issued to the registrant."