**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Michael VINCELLI, Defendant-
Appellant.**

**No. 268, Docket 23071.**

United States Court of Appeals
Second Circuit.

Argued Aug. 27, 1954.

Decided Nov. 9, 1954.

J. Edward Lumbard, U. S. Atty., New York City, Boudinot P. Atterbury, Asst. U. S. Atty., New York City, of counsel, for petitioner.

Hayden C. Covington, Brooklyn, N. Y., for respondent.

Before CHASE, FRANK and HINCKS, Circuit Judges.

PER CURIAM.

The appellant did not send the minister's statement with his letter of December 26, 1950, to his local board as we mistakenly said in our opinion. That statement was not filed with the board until January 9, 1951, and the opinion is amended in that respect.

The following are the material facts on which decision turns as to whether the appellant made a timely request for a reclassification. On December 12, 1950, his local board classified him I–A. On December 18, 1950, it mailed him a Form 110 notice of that classification. On December 26, 1950, his letter in which he said, "I hereby appeal my 1–A classification for the above mentioned reasons—and would prefer a IV–D classification," was received and filed by the board. As a result of that, the board gave him SSS Form 150 which he filled out and returned and which was considered by it on January 9, 1951, the day on which the minister's statement was filed. The minutes of the board on that date are as follows: "SSS # 150 & accompanying paper considered by Board. Reopening and reclassification not warranted. Send file to Appeal Bd. E F B."

By giving the appellant SSS Form 150 after it received his letter of December 26, 1950, a form which could serve no useful purpose except in supplying data to support a timely request for reclassification, the board treated the appellant's letter at least as a request for reclassification. It remains to be seen whether what it subsequently did was a reopening of his classification and then a denial of his request for reclassification on the merits. If it was, the mistake of fact in our previous opinion cannot, in any event, affect the result we then reached.

Judge Chase believes that the reversal of United States v. Packer, 2 Cir., 200 F.2d 540 by the Supreme Court in United States v. Nugent, 346 U.S. 1, 73 S.Ct.

991, 97 L.Ed. 1417, left untouched our holding that in the Packer case what the local board did amounted to a reopening since otherwise his failure to claim conscientious objector status when he filled out and filed the selective service questionnaire would have been a waiver of that claim. Had it not agreed with us that what the local board did amounted to a reopening which had done away with the effect of the previous waiver, the Supreme Court would presumably have reversed our decision on the ground that Packer's waiver had foreclosed his right to a IV–D classification anyway and would not have reached the question of due process in the subsequent administrative proceedings as to the denial of which it held we were in error.

Judges Frank and Hincks, however, are of the opinion that the mandate of the Supreme Court in the Packer case, the terms of which did not appear in the opinion of the Court as reported in 346 U.S. 1, 73 S.Ct. 991, 97 L.Ed. 1417, was correctly construed by the trial court in the Packer case on remand as carrying a reversal of our holding that Packer's original classification had been reopened, since they feel that, were this not so, the Supreme Court would have held that Packer was denied procedural due process when the local board, by not sending him a new Form 110 notice, deprived him of an opportunity to request a personal appearance before it.

But even so, we all agree that what the Supreme Court did in the Packer case does not preclude us from holding that Vincelli's I–A classification was reopened. At most it destroys our Packer decision as a valid authority for that holding. For in Packer, the action of the local board, which we held to constitute a reopening, occurred while an order of induction was outstanding. And Regulation Sec. 1625.2 provided that "the classification of a registrant should not be reopened after the local board has mailed to such registrant an Order to Report for Induction, * * * unless the local board first specifically finds that has been a change in the registrant's status resulting from circumstances over which he has no control." There had been no such finding in the Packer case and if the Supreme Court held that there had been no reopening in that case, for aught that appears the ruling may have turned upon the fact that Packer had already been ordered to report for induction.

Here, however, before Vincelli had been ordered to report for induction his Form SSS #150 had been filed with the local board which had noted "Reopening and reclassification not warranted. Send file to Appeal Bd." And thereafter the Department of Justice, the Hearing Officer and the Appeal Board all treated the case as though it had been properly reopened. Were it otherwise there would have been nothing in the file to justify the consideration given to the material bearing on his "conversion" which he had submitted in support of his claim for reclassification on the ground of conscientious objections.

We therefore adhere to our holding that on all the facts of this case Vincelli's classification was reopened and that there was a lack of procedural due process in that he was not notified of the adverse action taken, as required by Regulation Sec. 1625.12. The absence of that notice deprived him of the right provided by the Regulations, Secs. 1625.-11 and 1625.13, of personal appearance before the local board in connection with his claim for reclassification.

The reopening was a waiver by the board of any requirement of Regulation 1625.1(b) that the appellant report his change of status within ten days of his "conversion." Moreover, it is doubtful whether it would otherwise have been applicable since when it is read, as it should be, with Regulation 1625.1(c) it seems to be intended to apply only to a registrant who has been given a deferred classification and who, because of changes in his situation, is no longer entitled to it, though we need not now so decide.

Petition denied.