The **UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Irving Talmadge GREENE, Defendant-Appellant.**

**No. 11133.**

United States Court of Appeals,
Seventh Circuit.

March 24, 1955.

---

**2.** Cf. Springer v. Morris, Fla., 74 So.2d 781.

Hayden C. Covington, Brooklyn, N. Y., Karl M. Milgrom, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., John Peter Lulinski, Anna R. Lavin, Asst. U. S. Attys., Chicago, Ill., for appellee.

Before FINNEGAN, LINDLEY and SCHNACKENBERG, Circuit Judges.

FINNEGAN, Circuit Judge.

Upon appeal to the President of the United States, by The Director of Selective Service, from registrant Greene's classification I-O by the State Appeal Board, he was reclassified I-A on unanimous vote of the National Selective Service Appeal Board. Greene refused to submit to induction ordered by his Local Board pursuant to the National Board's action. His indictment, conviction and five year sentence for violating the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 462 precipitated this appeal.

Greene asserted his status as a formally ordained minister of Jehovah's Witnesses in written replies to his Classification Questionnaire stating as his opinion that he should be classed IV-D, and at the same time signing the request therein provided for Conscientious Objector Form No. 150, which he subsequently filled out, executed and filed. He also detailed his secular employment in the basic questionnaire. Classified I-O, December 6, 1951, by his Local Board, registrant thereupon requested that Board classify him IV-D, buttressing his claim with affidavits. Inaction by his Local Board resulted in registrant's appeal. Opposite the date line April 2, 1952, on the back cover of Greene's questionnaire is this entry: "The Appeal Board reviewed the file and determined that the registrant should not be classified in either Class I-A-O or Class I-O under the circumstances set forth in subparagraphs (2) or (4) of paragraph (a) of section

1626.25 of the Selective Service Regulations." Immediately following that entry is another dated June 18, 1952: "File returned by the U. S. Attorney, Lack of Jurisdiction. A registrant who has been classified I-O or I-A-O by his local board and appeals for a IV-D classification, may not be processed as a conscientious objector." On August 11, 1952, Greene's I-O classification was sustained by the Illinois Appeal Board.

On September 5, 1952, registrant's Local Board received Greene's letter requesting that his classification be reopened and reconsidered "in harmony with Section 1625 of the Selective Service Regulations" Greene's certificate of ordination was attached to this communication. In October, 1952, Illinois State Director Armstrong advised Greene by letter that since the Appeal Board's decision was unanimous "no further rights" were available. During the following month the State Director requested Greene's cover sheet and file from his Local Board for transmittal to National Headquarters, the Local Board complied. On November 28, 1952, the National Director of Selective Service appealed "to the President from classification * * * (of Greene) * * * by the appeal board in Class I-O." Registrant was thereafter notified of the disposition and classification on this Presidential appeal No. 3526. See: 32 C.F.R. § 1627.1, et seq.

█ *Selective* Service System means just that. It is the sifting and testing process by which individual eligibility, exemption and deferment are determined with Congressional blueprints and enunciated legislative policy. While classification is the democratic method for obtaining military man-power it is not an adversary proceeding between Board and registrant in which the slightest mis-step mechanically penalizes registrants.

█ In these times men everywhere closely watch how this Nation administers its laws and follows announced principles. The vitality of tolerance lies in substance and results, not in mere lip service. For the most part classification by symbol is the sole articulation of Board decision, indeed no other requirement is prescribed by Congress. To fairly review Greene's conviction we are driven to an examination of his Selective Service files, introduced in evidence below. Though some criteria for appraising Board action has emerged in recent cases, *i. e.* Dickinson v. United States, 1953, 346 U.S. 389, 74 S.Ct. 152, 158, 98 L.Ed. 132 where this tentative working rule is described as "basis in fact", uncharted areas still remain in reviews of this type case. External credentials, cf. Sicurella v. United States, 75 S.Ct. 403 of his beliefs and activities were supplied by Greene, and his file is devoid of any countervailing or contradicting material in rational support of the abrupt turnabout on the Presidential level. "Not proven" might have been the National Board's basis for reclassification; that identical statement is also compatible with a charge that the National Board acted arbitrarily or capriciously. We say this with an awareness that legislated tolerance for all sides must overcome responses and built-in reactions to exemption claims.

█ Practical due process would be ignored by approving Greene's conviction. United States v. Wilson, 7 Cir., 1954, 215 F.2d 443. At no time did Greene have a hearing. To affirm this particular judgment of conviction would leave the National Board an absolute cancelling power insulated against all challenges.

Judgment of the District Court is reversed, the conviction set aside, and appellant discharged.

SCHNACKENBERG, Circuit Judge.

I concur in the result but not with all that is stated therein.