**UNITED STATES of America**

v.

**David Arthur GEAREY, Defendant.**

**No. 65 Cr. 828.**

United States District Court
S. D. New York.

March 14, 1966.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, Paul K. Rooney, Asst. U. S. Atty., New York City, for the United States.

Marvin M. Karpatkin, New York City, for defendant.

## MEMORANDUM

THOMAS F. MURPHY, District Judge.

Defendant waived a jury and was tried by the court on February 16 and March 1, 1966, on an indictment charging him with knowingly refusing to submit to induction into the Armed Forces of the United States pursuant to the Universal Military Training and Service Act, 50 App. U.S.C. § 451 et seq., in violation of 50 App. U.S.C. § 462(a) and 32 C.F.R. § 1632.14. On the last mentioned date he was found guilty by the court. Although not requested to find the facts specially pursuant to Rule 23(c) of the Federal Rules of Criminal Procedure, we believe it desirable to do so.

In 1960 defendant registered with his local draft board. On November 14, 1961, he was classified 1-A but upon receiving notice from St. Francis College that the defendant was attending that institution and pursuing a normal course of study in his sophomore year, the local board reclassified the defendant 2-S. This last classification continued through June, 1964, when the defendant was to graduate. On November 5, 1964, he was again reclassified 1-A and on November 24, 1964, was ordered to report for a pre-induction physical on December 18, 1964. On December 7, 1964, the board received a letter from the defendant dated November 30th advising that he was taking three credits to fulfill his course requirements for a B.A. degree which he would receive in January of 1965, and that he expected to return to school full time in February to pursue a Master's Degree.[1] The pre-induction physical was had and on January 4, 1965, a notice of acceptability was mailed to the defendant. On January 5, 1965, the local board reviewed the file in light of the defendant's correspondence and voted "no change." Notification was sent on January 6, 1965. On January 19, 1965, the local board received a letter from the defendant wherein the latter advised that he had registered in one school and was "in the process of registering at another college in the area of Cinematography;" he expressed his belief that he would be entitled to a student deferment upon beginning studies at both schools and stated

1. The board had received on October 13, 1964, a communication from the New School for Social Research advising that the defendant had been admitted as a non-matriculating student in "part time course of instruction for the fall 1964 semester. (3 credits)."

that he "would like to apply for a hearing * * * in order to discuss my status as a student." On the same day, the board directed the defendant to report for an interview. On February 2, 1965, the board interviewed the defendant; the minutes reflect the following:

"Registrant appeared with evidence of attendance at a School for Motion Picture Arts and asked us to defer him so that he could finish his seminar. Also claimed he would reregister at St. Francis and was asked to have St. Francis forward to the Board evidence of such attendance. A vote was taken and registrant was classified 2S."

On February 18, 1965, the board received a communication from St. Francis College advising that the defendant was no longer in attendance there. A request for evidence of attendance was immediately mailed to the defendant. On April 6, 1965, nothing having transpired in the meantime, the board voted and reclassified defendant 1-A and sent him notice the next day. On April 19, 1965, the board mailed the defendant an Order to Report for Induction on May 5, 1965. On April 23, 1965, the board received a letter from the defendant, dated April 21st, wherein the defendant acknowledged receipt of the notice of his classification and the induction order; he acknowledged also that he was aware that he had not appealed within the prescribed time; he asked however, that the board "defer my impending draft notice and review my classification as a student, at least until the termination of this term;" he indicated that he was prepared to submit proof of attendance at City College, in addition to the School of Motion Picture Arts. On the day his letter was received the defendant was mailed a request for proof of attendance, notified his induction was postponed until July, and advised for the future to notify his local board of any change in status within ten days of its occurrence.

· On May 24, 1965, the local board received a letter dated May 21st from the defendant which stated as follows:

"For the past several years, I have been concerned with the problem of the conscriptive service as it effects me. I have tried to work out the problem in my own mind and have occassionally discussed it with friends. I realized that if and when I came to the draft board, I would not be in a position to discuss the problem with you, rather, I would have to confront the board with my feelings and beliefs. Once I had resolved the problem in my own mind, I refrained from notifying the board because I felt quite secure with my status as a student, and I thought that I would have plenty of time to inform you after completion of school. However, my recent call to the service has rocked me out of that lethargy, and cured me of my proscrastination. Therefore, I am requesting the necessary papers required in order that I may legally apply for the classification of conscientious objector."

The form for conscientious objectors was sent to the defendant the same day, to be returned on or before June 4, 1965. It was received completed on June 7, 1965. On June 17, 1965, the board wrote the defendant to report for an interview on July 6, 1965, and on the same day notified him on the appropriate form that his induction date was July 8, 1965. On July 1, 1965, the board received a letter from the defendant, dated June 29, 1965, wherein he stated that he would like to change his answer to that question on the conscientious objector's form which asked if he was a member of a religious sect or organization from "no" to "yes," and advised that he was a baptized member of the Catholic Church, and expressed his opinion that "membership in the Catholic Church does not contradict anything I may claim as an objector." On July 2, 1965, the board received a letter dated July 1, 1965, from the principal of Bishop Ford High School wherein it was stated that the de-

fendant had been hired to teach at that institution as of June, 1965, apparently to commence teaching in the fall. On July 6, 1965, the defendant was interviewed by his local board which recorded the following:

"Registrant interviewed, had decided just recently to become a c. o., said he had been thinking about it but never mentioned it. We reviewed the c. o. form #150, also reviewed letter sent by Bishop Ford High School. Registrant claims he is not working there nor that he would be definitely working there in September. Said he would like to go to Europe and take pictures since this is the vocation he wants to pursue or maybe teach when he returns. The board after reviewing the evidence submitted and registrant's claims felt he did not qualify to be a genuine c. o. All facts considered did not warrant a change in classification. He was advised to report as scheduled. Vote was 4 to 0."

On July 8, 1965, the defendant appeared at his induction center but refused to be inducted.

The Universal Military Training and Service Act contains an exemption from combatant training and service for conscientious objectors which provides, in pertinent part:

"Nothing contained in this title * * * shall be construed to require any person to be subject to combatant training and service in the armed forces of the United States who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form. * * * Any person claiming exemption from combatant training and service because of such conscientious objections shall, if such claim is not sustained by the local board, be entitled to an appeal to the appropriate appeal board. Upon the filing of such appeal, the appeal board shall refer any such claim to the Department of Justice for inquiry and hearing." 50 App. U.S.C. § 456(j).

The statute does not limit the time within which the claim must be made but the Code of Federal Regulations under which the Act is administered prescribes the classification procedure. Thus, after a registrant is notified of his classification, he may, within ten days, either appeal the classification to an appeal board, 32 C.F.R. § 1626.1 et seq., or request a personal appearance before his local board, § 1624.1(a). If he elects to follow the latter course, the board may reopen and reclassify the registrant, or refuse to reopen, § 1624.2(c), and in either case, the registrant is again entitled to notice of the decision, § 1624.2(d) and has the same right of appeal as in the case of the original classification, § 1624.2(e). Further, should some fact occur which might result in a different classification, the registrant is required to report such fact within ten days after its occurrence, § 1625.1(b). The board is empowered to reopen the registrant's classification upon a written request presenting facts not previously considered, which, if true, would justify a change in classification, *provided, however,* "the classification * * * shall not be reopened after the local board has mailed * * * an Order to Report for Induction * * * unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control," § 1625.2. If a registrant's request fails to present facts not previously considered, or such facts are presented but the local board is of the opinion that, if true, they would not justify a change in the registrant's classification, it shall not reopen the classification, § 1625.4. But once a local board does reopen a classification, it shall again classify the registrant in the same manner as if he had never before been classified, even though he be given the same classification, and cancel any outstanding Order to Report for Induction. §§ 1625.11–1625.14.

In the instant case the defendant did not, within the time limits prescribed, request a personal appearance under §

1624.1(a) or appeal under § 1626.1 et seq., from the classification of April 6, 1965, which resulted in an Order to Report for Induction. It wasn't until more than a month later, and until after he had secured a postponement of his induction date that he first raised the claim of conscientious objections. It is, however, defendant's initial contention that he cannot be deprived of his statutory exemption or his right to appeal a denial of the exemption by § 1625.2 of the regulations. We do not agree.

That part of 32 C.F.R. § 1625.2 proscribing a reopening after an Order to Report for Induction has been mailed unless the local board "first specifically finds * * * a change in * * * status resulting from circumstances over which the registrant had no control" does not specifically require that the change, if it exists, must have occurred subsequent to the Order to Report for Induction, but we are persuaded that the weight of authority is to the effect that where conscientious objections mature prior to the mailing of the Order to Report for Induction, § 1625.2 effectively restricts the exemption granted in 50 App. U.S.C. § 456(j). United States v. Taylor, 351 F.2d 228 (6th Cir. 1965); United States v. Beaver, 309 F.2d 273 (4th Cir. 1962) cert. denied, 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963); Keene v. United States, 266 F.2d 378 (10th Cir. 1959); United States v. Vincelli, 216 F.2d 681, 682 (2d Cir. 1954), (dictum). We do not regard United States v. Clark, 105 F.Supp. 613 (W.D. Pa.1952) and United States ex rel. Berman v. Craig, 207 F.2d 888 (3d Cir. 1953) as contra to, but as limiting this proposition since in *Clark* the Order to Report for Induction was mailed before the registrant's time to appeal the board's refusal to reopen had expired, § 1626.2, and in *Berman* the Order to Report for Induction was mailed prior to the expiration of ten days since the change in status had occurred, § 1625.1(b).

Where, however, the conscientious objections mature subsequent to the mailing of the Order to Report for Induction there are differing opinions as to whether the accession of conscientious objections can qualify as a change in status over which the registrant had no control. Those courts which think not, have upheld determinations not to reopen by local boards. United States v. Porter, 314 F.2d 833, 836 (7th Cir. 1963); Boyd v. United States, 269 F.2d 607, 610 (9th Cir. 1959); United States v. Schoebel, 201 F.2d 31, 32–33 (7th Cir. 1953).

We disagree with those courts on this point. The accession of beliefs which require one to put forth conscientious objections is, in our opinion, a change of status. We do not believe the change to be one over which a registrant has *no* control, but are not inclined to believe that the regulation should operate to penalize a registrant for not earlier acceding to ideas not yet solidified in his mind or to compel exercise of his free will to reject what to him have become indisputable truths. At least one court supports the applicability of the "change of status" provision of § 1625.2 to claims of conscientious objectors and has concluded therefore that should it be a fact that the objections matured subsequent to the Order to Report for Induction, reopening and reclassification are required. Keene v. United States, supra, 266 F.2d at 384. It follows that a local board must give consideration to such a claim before determining not to reopen.

In the instant case the local board did consider the defendant's claim of having acquired conscientious objections and of having acquired them subsequent to the Order to Report for Induction. The board interviewed the defendant in person. It had before it defendant's letter of May 21, 1965, wherein the claim was raised for the first time; it had before it the conscientious objector's form completed by the defendant; it had before it defendant's letter of June 29, 1965, wherein he corrected an answer to a question on the conscientious objector's form and explained why he had first answered as he had and why he felt he could be both a Roman Catholic

and a conscientious objector. And, not least in importance, it had before it defendant's classification history. After completing his attendance at St. Francis in pursuit of a B.A. degree, defendant's next request for a deferment (letter of November 30, 1965) was based on his status as a student. This claimed status was also the basis of his requests of January–February, 1965 (which resulted in a deferment) and of April, 1965 (which resulted in a postponement of induction). It was not until he had apparently exhausted his chances of further deferment or postponement on this ground that he interposed the claim of conscientious objections. While it is defendant's claim that his objections matured after the Order to Report for Induction, neither we nor the board were required to ignore this chronology. "Sudden accessions of belief may be utterly sincere, as the memorable one on the Damascus road; but they seldom synchronize so perfectly * * * with external facts making them convenient, and they normally manifest themselves in expressions more deeply personal * * *." United States v. Corliss, 280 F.2d 808, 812 (2d Cir. 1960) cert. denied 364 U.S. 884, 81 S.Ct. 167, 5 L.Ed.2d 105 (1960). The local board apparently found not that the objections matured either before or after the Order to Report for Induction but that the defendant was not a genuine conscientious objector. In effect, it found that there was no "change in status," or, in terms of the regulation, it did not "first specifically find * * * a change in * * * status." We have read the entire file and are unable to conclude that the board's failure to so find was without any basis in fact. Cf. United States v. Jakobson, 325 F.2d 409, 412 (2d Cir. 1963) aff'd United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965), and the cases cited therein. Accordingly, the board had no power to reopen the defendant's classification. 32 C.F.R. § 1625.2.

We understand that the effect here given § 1625.2 deprives the defendant of administrative review of the local board's action. But we see in this no greater restriction on 50 App. U.S.C. § 456(j) than occurs when the conscientious objections mature prior to the Order to Report for Induction and are interposed subsequently. United States v. Taylor, supra; United States v. Beaver, supra; Keene v. United States, supra; United States v. Vincelli, supra.

We should also make mention of United States v. Underwood, 151 F.Supp. 874 (E.D.Pa.1955) and United States v. Crawford, 119 F.Supp. 729 (N.D.Cal. 1954) cited by defendant. We feel that these cases can be distinguished in that in neither did the local board even consider the claims; but insofar as they are not distinguishable, see Boyd v. United States, supra, 269 F.2d at 612.

It is next argued that the board's action in sending, receiving and reviewing the conscientious objector's form, and in interviewing the defendant constituted a reopening which entitled the defendant to a cancellation of the Order to Report for Induction and to all rights of a newly classified registrant, 32 C.F.R. §§ 1625.11–1625.14. We do not reach the question of whether § 1625.2 can be claimed after a board in fact does reopen since we find no such fact here. The board was required to send the form when it was requested, 32 C.F.R. § 1621.11. The defendant had no procedural right to a hearing, as exists where there is timely request after a classification, § 1624.1(a), but the interview was one of the factors we considered in determining whether the board gave the required consideration to the claim. By requiring, as we do, the board to look into a claim of conscientious objections interposed after the Order to Report for Induction to determine whether there has been a change in status which warrants a reopening, and to hold, as we are asked, that this consideration itself amounts to a reopening would in effect compel reopening whenever a claim of conscientious objections is interposed. We have already expressed our views on the efficacy of § 1625.2. See also United States v. Beaver, supra, 309 F.2d at 277;

Boyd v. United States, supra, 269 F.2d at 610. Defendant's reliance on United States v. Vincelli, 215 F.2d 210, 212–213 (2d Cir. 1954) is misplaced. That case, which relied on *dictum* in a subsequently overruled case, United States v. Packer, 200 F.2d 540, 541 (2d Cir. 1952), rev'd 346 U.S. 1, 73 S.Ct. 991, 97 L.Ed. 1417 (1953), is factually distinguishable. See the opinion in the *Vincelli* case on the petition for rehearing, 216 F.2d 681, 682.

■ Defendant's final argument is that he was denied procedural due process by the board's failure to send written notification of its decision not to reopen as required by § 1625.4, which regulation, defendant assumes, applies in every case where the board decides not to reopen. We are not certain the premise is valid. Section 1625.4, insofar as it is pertinent here, requires notice where the board refuses to reopen because it is of the opinion that the facts alleged, if true, *would not* justify a change of classification. The new fact alleged by the defendant was the accession of conscientious objections. If true this *would* indeed compel a change in classification. Thus it appears the board did not act under § 1625.4 and that that regulation is not applicable. But see United States v. Beaver, supra, 309 F.2d at 277, where the board's decision was couched in the language of § 1625.2, and the court assumed the applicability of § 1625.4. Also, it may be argued that the new facts alleged by the defendant was not his status as a conscientious objector but his particular beliefs, and that the board's decision was that such beliefs, if they existed, would not constitute conscientious objections within the meaning of § 456(j), bringing the board's decision within the language of § 1625.4. Assuming arguendo, that for one reason or another the defendant was entitled to notice under § 1625.4, we are not convinced that the defendant was so deprived as to require acquittal. In *Beaver,* instead of notice of the board's determination, the defendant was sent a letter advising him when to report for induction, which had there-

tofore been postponed. The court held this to fulfill the notice requirement of § 1625.4. In the instant case defendant was told by the board of its decision at the conclusion of the interview of July 6, 1965, and that he was required to report for induction as previously directed. We see no deprivation which requires acquittal.

In accordance with our findings and conclusions as are herein expressed we found the defendant guilty.