**UNITED STATES of America,
Plaintiff,
v.
Thomas H. WARNER, III, Defendant.
No. C–17928 Phx.**

United States District Court
D. Arizona.
May 6, 1968.

---

12. 317 U.S. at 411, 63 S.Ct. at 294.

Edward Davis, U. S. Atty., and John Moran, Asst. U. S. Atty., Phoenix, Ariz., for the United States.

Harry Craig, Phoenix, Ariz., for defendant.

## OPINION AND JUDGMENT

CRAIG, District Judge.

The indictment in this case charges the defendant with a violation of 50 App. U.S.C. § 462, wilful failure to submit to induction into the armed forces of the United States. Defendant waived a jury and a trial was had to this Court on March 22, 1968. Following the submission of memoranda by each party, final oral arguments were heard on April 15, 1968.

Defendant was born on December 7, 1944. His mother is a Jehovah's Witness; his step-father is a Baptist. Warner was raised as a Jehovah's Witness, over the protests of his step-father. The defendant first registered for the Selective Service, at Phoenix Local Board No. 8, on March 22, 1963, more than three months later than required by law. He was given Selective Service Number 2–8–44–642. On February 13, 1964, registrant was mailed a copy of SSS Form No. 100 (Classification Questionnaire) to be returned within 10 days. On May 6, 1964, a letter was mailed to the registrant requesting the return of the previously mailed form.

On January 19, 1965, Form No. 100 never having been returned, the Local Board unanimously classified registrant I-A, and declared him to be delinquent. Forms Nos. 110 (Notice of Classification) and 304 (Delinquency Notice) were mailed to registrant. Form No. 110 contained information concerning rights to a personal appearance and appeal. On January 26, 1965, registrant's step-father made the first of many visits to the local

board office. At that time he reported to the clerk that he believed the registrant was using his Jehovah's Witness affiliation as a "gimmick" to avoid his responsibilities and duties. On February 12, 1965, registrant was mailed Form No. 252 (Induction Notice) and ordered to report for induction on March 2, 1965.

On February 19, 1965, registrant appeared in person at the local board office, completed Form No. 100, including the signing of Series VIII, claiming conscientious objector status. That same day the local board removed the delinquency, cancelled the induction order, and sent registrant Form No. 150 (Special Form for Conscientious Objectors). On March 1, 1965, Form No. 150 was completed and returned to the local board.

The entire file, including Forms Nos. 100 and 150 and the step-father's statement to the clerk, were reviewed by the board members on March 23, 1965. They voted that:

"in view of apparent lack of responsibility and the information contained in the cover sheet in connection with registrant's attitude * * * a change in classification is not justified * * *."

On March 30, 1965, registrant was informed that his classification would remain I-A.

Various orders to report for physical examination and induction were issued between May 14, 1965, and September 17, 1965. In addition, the registrant's step-father made four visits or telephone calls to the local board clerk during September, 1965, to report information unfavorable to his step-son. On October 11, 1965, registrant refused induction into the armed forces.

Prosecution was undertaken in the United States District Court, case No. C–17438 Phx., pursuant to 50 App. U.S.C. § 462. That case was dismissed following trial on May 15, 1967.

Following that dismissal the local board sent registrant Form No. 127 (Current Information Questionnaire) which was completed and returned on

May 26, 1967. On August 25, 1967, the local board considered the entire file and unanimously voted to classify registrant as I-A. On August 28, 1967, registrant was sent Forms Nos. 110 and 217 which informed him of the classification and of his right to request within 30 days a personal appearance or an appeal. No request for personal appearance or appeal was received within the 30-day period. Twice in September, 1967, registrant's step-father reported unfavorable information to the local board clerk.

On October 13, 1967, registrant's attorney requested a review of the I-A classification. On October 26, 1967, pursuant to orders from the Selective Service State Director, registrant's attorney was informed that because no new information had been submitted the local board would not consider the request. On November 1, 1967, the board received a petition with attached affidavit from the registrant explaining that because of personal circumstances he had not received the notice of classification in time to contact his attorney and institute appeal within the prescribed period. He did admit, however, that he had received the notice shortly before the 30-day statutory period expired.

On November 21, 1967, the local board considered the entire file, including the petition and affidavit. The board determined that no new information had been presented and declined to extend the appeal period. The I-A classification was continued. No right of appeal was allowed from this action. Registrant and his attorney were informed of the board's decision on November 22, 1967. The same day registrant was ordered to report for induction on December 6, 1967. Registrant refused induction on December 7, 1967. This indictment and trial followed.

 Exemption from military service is a privilege granted by Congress, not a right. It is incumbent on the registrant who seeks exemption to carry the burden of convincing the local board that he is entitled to the exemption. Dickinson v. United States, 346 U.S. 389, 74 S.

Ct. 152, 98 L.Ed. 132 (1953); Parrott v. United States, 370 F.2d 388 (9th Cir., 1966), cert. den., Lawrence v. United States, 387 U.S. 908, 87 S.Ct. 1690, 18 L.Ed.2d 625 (1967).

 The ultimate test for exemption in conscientious objector cases is the registrant's sincerity in objecting, on religious grounds, to participation in war in any form. Objective facts are relevant only insofar as they help to determine the sincerity of the registrant in his beliefs. Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955); Parrott v. United States, supra.

 The function of this Court in Selective Service classification cases is to examine the entire local board file relating to the registrant's claim for conscientious objector status to determine if there is any "basis in fact" to support the local board's determination. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946); Witmer v. United States, supra; Hunter v. United States, 393 F.2d 548 (9th Cir., 1968). When the record discloses any evidence of whatever nature which is incompatible with the claim of exemption, this Court may not inquire further as to the correctness of the board's decision. United States v. Simmons, 213 F.2d 901 (7th Cir., 1954), reversed on other grounds, Simmons v. United States, 348 U.S. 397, 75 S.Ct. 397, 99 L.Ed. 453 (1955). This Court may not substitute its judgment for that of the board, even if the decision of the board is erroneous; nor need it look for substantial evidence to support the board's determination. Witmer v. United States, supra; Keefer v. United States, 313 F.2d 773 (9th Cir., 1963). Mere disbelief of the statements of registrant is not a sufficient basis for refusal of a conscientious objector classification:

"* * * there must be some affirmative evidence to support the rejection of the claimed exemption, or something in the record which substantially blurs the picture painted by the registrant and casts doubt on his

sincerity or the genuineness of his claim." Batterton v. United States, 260 F.2d 233, 237 (8th Cir., 1958); accord, Bradley v. United States, 218 F.2d 657 (9th Cir., 1954), reversed on other grounds, 348 U.S. 967, 75 S.Ct. 532, 99 L.Ed. 754 (1955). Draft boards are not considered courts of law, and are not bound by traditional rules of evidence and admissability; great leeway in conducting hearings and considering a variety of material from many sources is allowed. Dickinson v. United States, supra; Ayers v. United States, 240 F.2d 802 (9th Cir., 1956), cert. den., 352 U.S. 1016, 77 S.Ct. 563, 1 L.Ed.2d 548 (1957).

Following these rules this Court must conclude that the local board did have a "basis in fact" for its classification. Although in this case the decision of the board is probably not the one which would have been made by this Court, the irresponsibility of the registrant in replying to communications from the board and the unsolicited statements by the step-father give the board a basis, however tenuous, for disbelieving the statements of religious conviction submitted by the registrant. Therefore, this Court must conclude that the local board did not act arbitrarily and capriciously and without jurisdiction when it determined registrant's classification.

Aside from the fact that the board did have a "basis in fact" for the I-A classification, this Court is not authorized to review the local board decision because the registrant failed to exhaust his administrative remedies. Woo v. United States, 350 F.2d 992 (9th Cir., 1965); Kaline v. United States, 235 F.2d 54 (9th Cir., 1956); cf. Miller v. United States, 388 F.2d 973 (9th Cir., 1967); Dugdale v. United States, 389 F.2d 482 (9th Cir., 1968). At no time did he ever request a personal appearance before the local board or appeal from the I-A classification of March 23, 1965. No request for personal appearance or appeal was made within the 30-day statutory period following the I-A classifica-

tion of August 25, 1967. It was not until October 13, 1967, that registrant's attorney requested a review of that classification. The refusal of the local board to extend the personal appearance and appeal period was neither arbitrary nor a denial of due process when no timely notice was filed. Frank v. United States, 236 F.2d 39 (9th Cir., 1956).

Registrant seeks to excuse this last delay by stating that his mail, including the notice of classification and subsequent rights, was delayed by his absence from home. The law does not recognize this as a valid excuse. Hamilton v. Commanding Officer, Armed Forces Examining and Induction Station, 328 F.2d 799 (9th Cir., 1964); Kaline v. United States, supra.

The right to have a personal appearance before a local board is guaranteed by statute. Responsibility for requesting such an appearance is with the registrant. 32 C.F.R. § 1624.1. Although the board could request the appearance of the registrant to provide information not included on the completed forms, subpoena witnesses, or require the production of documents, it is not obligated to do any of these if it feels the information on file provides a sufficient basis for a valid classification determination. Obviously, the board felt such was the case in this instance.

Defendant argues that he has not failed to exhaust his administrative remedies because the November 21, 1967, action of the local board in considering his entire file and continuing the I-A classification amounted to a re-opening and a reclassification which should have given rise to another appeal period. See, United States v. Vincelli, 215 F.2d 210 (2nd Cir., 1954), reh. den., 216 F.2d 681 (1954). In *Vincelli,* supra, the Second Circuit concluded that the denial of a re-opening was in fact a denial of reclassification on the merits after a re-opening. 32 C.F.R. § 1625.11. The facts in that case are distinguishable from the present situation. There the local board was considering for the first time the question of conscientious objector status

and the information contained in Form No. 150; here no new evidence was before the board and the decision was properly categorized as a decision not to re-open, rather than a denial of reclassification. 32 C.F.R. § 1625.1 et seq. A denial of a request to re-open does not amount to a reclassification entitling the registrant to a right of personal appearance and appeal. As the Court of Appeals for the Second Circuit said in United States ex rel. La Charity v. Commanding Officer of United States Army Induction Center, Buffalo, N. Y., 142 F.2d 381, 382 (2nd Cir., 1944):

" * * * no provision of the statute or the regulations has been pointed out giving a right to appeal from a reconsideration which results in no change of classification. We are satisfied that no appeal lies from such a decision. The evil of a contrary rule is obvious; if there were an appeal from every refusal to change a classification, a registrant could interminably delay his induction by successive requests and appeals * * *."

■ Defendant's final argument is that these proceedings constitute double jeopardy, in that he was tried once before for the same crime. There is no merit to this claim. The first trial in which registrant appeared as defendant was for failure to submit to induction on October 11, 1965. That case was dismissed on May 15, 1967. This indictment is for failure to submit to induction on December 7, 1967. The two charges arose under the same statute, 50 U.S.C. App. § 462, but each constitutes a separate and distinct offense. Registrant has not been subjected to double jeopardy in this instance.

To this Court it appears unduly harsh to convict a young man following criminal prosecution for failure to submit to induction into the armed forces simply because he omitted to follow certain procedural rules prescribed in the Selective Service regulations. This is especially true when, as in this case, the registrant has satisfied this Court of the sincerity of his convictions. However, the cases, especially *Estep*, *Witmer* and *Woo* and those that follow, require this Court to conclude that it has no alternative but to enter a judgment of conviction in this cause.