**UNITED STATES of America,**
**Appellee,**
**v.**
**Carl Duncan STOUT, Appellant.**
**No. 13126.**

United States Court of Appeals
Fourth Circuit.

Argued June 11, 1969.

Decided Sept. 18, 1969.

and it was stamped with the same return date (February 17) as that entered on the original form.

On the same day that the defendant obtained the second Form 150, his local board mailed to him an order to report for induction. Coincidentally, the order to report for induction was signed by the same assistant clerk who had given defendant the second Form 150. The record does not disclose whether the order to report for induction was signed or mailed before or after the defendant was given the second form.

On February 21, 1968, defendant mailed the second completed Form 150 to the local board, which received it two days later. Thereafter, however, the local board consistently refused to reopen defendant's classification, presumably on the theory that, since an induction order had issued, reopening was permissible under the regulations only if there had occurred a change in circumstances over which defendant had no control *after* the order to report for induction had been mailed. 32 C.F.R. § 1625.2. Admittedly, this did not happen, for defendant's conscientious objector views crystallized, according to his own allegations, on or about February 5, 1968, i. e., before the order to report had issued. For the failure to submit to the order defendant was indicted, convicted and sentenced to a term of four years and six months.

I

The legal issues which the instant appeal presents are narrow and its precedential value limited. Defendant does not assert that there was no "basis in fact" for his I–A classification or that he was entitled as a matter of law to conscientious objector status. He seeks only consideration by the local board of his conscientious objector claim on the merits.

Our decision that he was entitled to such consideration will have limited application because at the present time the same case could not arise in the same procedural context. A recent amendment to Local Board Memorandum No.

John H. O'Brien, Jr., Richmond, Va., (Court-appointed counsel) for appellant.

David G. Lowe, Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., on brief) for appellee.

Before SOBELOFF, WINTER and BUTZNER, Circuit Judges.

WINTER, Circuit Judge:

Because his local board's order to report and submit to induction was invalid by reason of the board's refusal to consider whether defendant should be classified as a conscientious objector, we reverse defendant's conviction for failure to submit to induction in violation of 50 U.S.C.A. App. § 462.

To the extent pertinent, Carl Duncan Stout's selective service file shows that, in 1965 and 1966, he was granted II–S (educational) deferments. Late in 1966, he was reclassified I–A and ordered to report for a physical examination. The date of the examination was delayed until January 10, 1968, at which time he was found to be qualified for induction. On February 5, 1968, defendant, for the first time, indicated to his local board that he was a conscientious objector by writing a letter which read, "By my own will I claim conscientious objection to military service. I request that you immediately mail Classification Questionaire [sic], SSS Form 150 to my home address listed on your files * * *."

Form 150 was mailed to defendant on February 7, 1968, with a notation thereon that it was to be returned "on or before" February 17. On February 19, two days after this deadline had expired, defendant appeared at his local board in person and requested a new Form 150, explaining to the assistant clerk that he needed a new form because he had had difficulty in attempting to answer some of the questions. A second form was furnished him,

41, issued by the Director of Selective Service, requires local boards to grant registrants an interview before a request for conscientious objector status is denied. The amendment became effective approximately five weeks after defendant refused induction.

## II

The Selective Service Act is specific that no person shall be "subject to combatant training and service in the armed forces of the United States who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form." 50 U.S.C.A. § 456(j). It follows that defendant's claim of conscientious objection should have been considered and disposed of on the merits before he was sent an induction notice, unless in the circumstances of the case some other section of the statute or the regulations overrides and excuses the necessity of the determination. Quaid v. United States, 386 F.2d 25 (10 Cir. 1968).

The government argues that defendant did not present to his local board a "claim" for conscientious objector status until he returned Form 150 some two days after his order to report for induction was mailed; and, even if the letter of February 5, 1968, to the board is considered a "claim," nevertheless, the local board properly deemed this claim to have been waived when the 150 form was not returned within the ten-day time limit. We find neither contention meritorious.

█ The government's first argument is designed to invoke the doctrine of United States v. Beaver, 309 F.2d 273 (4 Cir. 1962), cert. den., 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963). *Beaver* upheld and applied the provisions of the regulations to the effect that a registrant's classification shall not be reopened after the local board has mailed an order to report for induction unless the local board first specifically finds a change in the registrant's status resulting from circumstances over which the registrant had no control. But we disagree that there can be no conscientious objector claim without the filing of Form 150. Local Board Memorandum No. 41, in effect at the time of defendant's classification (and unaltered by subsequent amendments to the date of defendant's prosecution), specifically provided that any written statement requesting conscientious objector status was sufficient to initiate a claim for the exemption. The regulation requiring the completion of Form 150 speaks of it in "substantiation" of the conscientious objector claim. Certainly, defendant's letter of February 5 was adequate for the limited purpose of constituting the claim for exemption. It follows that defendant made his claim of conscientious objector status before the order to report for induction issued.

Nor do we agree that defendant waived his conscientious objector claim when he failed to return Form 150 within the then prescribed ten-day time limit.* The precise language relating to waiver on Form 150, which is incorporated into the selective service regulations, pursuant to 32 C.F.R. § 1606.51, is as follows:

"Failure by the registrant to file this special form on or before the date indicated above [which is 'ten days after mailing or issue'] *may* be regarded as a waiver by the registrant of his claim as a conscientious objector; *Provided,* that the local board, in its discretion, and for good cause shown by the registrant, may grant a reasonable extension of time for filing this special form." (Former emphasis added.)

█ The validity of such a broad presumption of waiver provision is highly questionable because federal law is well-settled that waiver is the voluntary and intentional relinquishment of a known right, and courts have been disinclined lightly to presume that valuable

---

* The time for returning Form 150 was increased to thirty days by a revision of Form 150, dated August 30, 1968.

rights have been conceded in the absence of clear evidence to the contrary. *E. g.,* McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); Miranda v. Arizona, 384 U.S. 436, 469, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Nelson v. Peyton, 415 F.2d 1154 (4 Cir. 1969); Lockhart v. United States, No. 21,311, 1 SSLR (9 Cir. 1968) (Browning, J., concurring). It is not contended by the government that defendant consciously intended to waive his conscientious objector claim, and defendant testified in the district court that he had no such intention. However, we need not decide if the waiver provision is *per se* invalid, nor need we consider whether waiver in fact occurred because we discern a narrower ground of decision, and one on which we rest our conclusion.

■ Form 150 does not prescribe the ten-day return period as an inexorable rule. The form merely provides that the failure to make a timely return *may* be regarded as a waiver. More importantly, the form states that the local board *may* extend the time limit for a reasonable period upon good cause for the extension being shown by the registrant. In the light of this provision, when the agent of the local board—the assistant clerk—handed defendant the second Form 150, we can only construe this action as an implied extension of time in which to file the form, otherwise we would conclude that the board, through its agent, performed a patently futile and meaningless act in the absence of warning defendant that the board would adamantly refuse to consider any further information because the time limit had expired.

### III

■ Overall, we think the case is within the rule of Quaid v. United States, *supra,* which held that a local board, clearly on notice that the registrant was presenting a conscientious objector claim, erred in summarily issuing the order to report for induction without determining the merits of the registrant's claim. As we have shown, the result we reach is not inconsistent with United States v. Beaver, *supra,* because this is not a case in which the claim of conscientious objection first came after an order to report for induction had issued.

We reverse the judgment of the district court, and direct that a judgment of acquittal be entered.

Reversed, with directions.