**UNITED STATES of America**

v.

**William Francis KROLL, Appellant.**

**No. 16796.**

United States Court of Appeals
Third Circuit.

Argued June 6, 1968.

Decided Sept. 18, 1968.

Certiorari Denied Jan. 27, 1969.

See 89 S.Ct. 728.

John P. Campana, Campana & Campana, Williamsport, Pa., for appellant.

Thomas J. Hanlon, Asst. U. S. Atty., Middle Dist. of Pa., Scranton, Pa. (Bernard J. Brown, U. S. Atty., Scranton, Pa., on the brief), for appellee.

Before McLAUGHLIN, STALEY and SEITZ, Circuit Judges.

## OPINION OF THE COURT

STALEY, Circuit Judge.

Appellant, William Francis Kroll, was convicted by a jury of violating 50 U.S.C. App. § 462 by failing and neglecting to comply with an order of his local draft board to report for and submit to induction into the Armed Forces. It is from the district court's denial of his motion for a new trial that this appeal is taken.[1]

The material facts can be briefly stated. Appellant was classified 1–A by his local board on April 20, 1964; no appeal was taken from this classification. On October 27, 1965, appellant's local board mailed him a notice to report for induction on November 22, 1965. The next day, on October 28, 1965, appellant appeared at the local board and requested a conscientious objector form, SSS Form 150. On November 8, 1965, the board met and reviewed appellant's request for deferment as a conscientious objector. His request was denied, and the board refused to reopen his classification; appellant was so informed on November 9, 1965. Thereafter, on November 15, 1965, Kroll requested a personal appearance before the local board. The members of the local board were contacted by telephone by the board's clerk and the request for a personal appearance was denied. On November 22, 1965, appellant did not report for induction; instead he turned himself in to the deputy sheriff who directed him to the office of the local board. The members of the local board convened and met with Kroll to determine why he refused to report for induction. He was indicted and tried soon thereafter.

---

1. This appeal was heard along with that of Edward Donald Kroll, No. 16797, but since the two appeals are factually and legally distinct, separate opinions are being written.

The principal issue on this appeal is whether appellant's local board denied him procedural due process by refusing to reopen his classification after mailing him a notice to report for induction. We think the answer lies in 32 C.F.R. § 1625.2, entitled, "When registrant's classification may be reopened and considered anew," and which provides:

"The local board may reopen and consider anew the classification of a registrant (a) upon the written request of the registrant, the government appeal agent, any person who claims to be a dependent of the registrant, or any person who has on file a written request for the current deferment of the registrant in a case involving occupational deferment, if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification; or (b) upon its own motion if such action is based upon facts not considered when the registrant was classified which, if true, would justify a change in the registrant's classification; *provided, in either event, the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252) or an Order to Report for Civilian Work and Statement of Employer (SSS Form No. 153) unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control.*" (Emphasis added.) 32 C.F.R. § 1625.2.

Although there is a difference of opinion among courts of appeal as to whether the belief of conscientious objection, if it arises after the notice of induction is sent, is the kind of change or event "over which the registrant had no control," [2]

we are aware of no appellate decision holding that if a registrant has had ample time to notify the board of his claim before the induction notice is sent, but has failed to do so, he is entitled to have his classification reopened under § 1625.2. Indeed, such a holding would be most anomalous since 32 C.F.R. § 1625.1(b) specifically requires a registrant to report to his local board "within 10 days after it occurs * * * any fact that might result in the registrant being placed in a different classification."

■ Turning now to the record in the instant case, it is undisputed that appellant became aware of his alleged conscientious objection to war during the summer of 1965, but he did not ask for a conscientious objector form, much less file it with the board, until *after* his notice of induction was mailed in the latter part of October, 1965. Clearly then, under the terms of § 1625.2, appellant was not entitled to have his classification reopened.

■ Appellant next directs our attention to several district court cases holding that 50 U.S.C. App. § 456(j), which exempts conscientious objectors from combatant training and service, cannot be restricted or limited by the provisions contained in 32 C.F.R. § 1625.2. See United States v. Underwood, 151 F.Supp. 874 (E.D.Pa.1955); United States v. Crawford, 119 F.Supp. 729 (N.D.Cal. 1954); United States v. Clark, 105 F. Supp. 613 (W.D.Pa.1952). The Government, on the other hand, counters by stating that of the many appellate courts that have considered this question, it is unable to find even one tribunal that has not rejected the rationale followed by the above-mentioned district courts. See, e. g., Davis v. United States, 374 F.2d 1, 4 (C.A. 5, 1967) (and cases cited therein in note 5.) And after our own independent study, we conclude that we too must reject the reasoning of appel-

2. Compare United States v. Gearey, 368 F.2d 144, 150 (C.A.2, 1966), cert. denied, 389 U.S. 959, 88 S.Ct. 335, 19 L.Ed.2d 368 (1967), and Keene v. United States, 266 F.2d 378, 384 (C.A.10, 1959), with United States v. Taylor, 351 F.2d 228, 230 (C.A. 6, 1965); Boyd v. United States, 269 F. 2d 607, 610 (C.A.9, 1959); United States v. Schoebel, 201 F.2d 31, 32–33 (C.A. 7, 1953).

lant's authorities, for, as stated by Judge Kaufman in United States v. Gearey, 368 F.2d 144, 149 (C.A. 2, 1966), cert. denied, 389 U.S. 959, 88 S.Ct. 335, 19 L.Ed.2d 368 (1967),

"* * * We can see no sound reason why a regulation may not require that claims for deferment should be advanced as soon as they have matured. If young men eligible for the draft are permitted endlessly to challenge their status and to claim review of adverse determinations, the effect of the Selective Service System would be chaotic for manpower quotas could rarely be met with any degree of certainty. This is especially true when the claim for deferment is based on a conscientious objection since a protracted process of Justice Department investigation and hearing is required. * * *"

■ One last point remains to be considered. Appellant contends that the local board waived the applicability of § 1625.2 by permitting him to fill out a conscientious objector form and by then considering it at a meeting. According to this theory, the alleged waiver by the board constituted a reopening of the case entitling appellant to a reclassification (even though it might be the same one) followed by the rights of appearance before the local board and appeal.

The weaknesses in this argument are readily apparent. In the first place, the local board was required by 32 C.F.R. § 1621.11 to furnish appellant, upon request, with a copy of the conscientious objector form. Boyd v. United States, 269 F.2d 607 (C.A. 9, 1959). And in the second place, it is evident to us that appellant's local board was acting pursuant to rather than in evasion of § 1625.2 when it met to see whether the information filed by Kroll contained facts indicating "a change in registrant's status resulting from circumstances over which the registrant had no control." Since such a change was not found, appellant's

classification was not reopened. There was no waiver.[3]

After carefully considering all of appellant's contentions we can only conclude that the district court did not err in refusing to grant appellant's motion for a new trial. Accordingly, the order of the district court will be affirmed.

---

3. In view of this decision, we need not reach the question of whether the board, *sua sponte*, could lawfully waive the provisions contained in § 1625.2.