**William D. SCOTT, Petitioner,**

**v.**

**Commanding Officer, Commander Thomas M. VOLATILE, Armed Forces Examining Entrance Station, Philadelphia, Pennsylvania**

**and**

**Secretary of Defense, The Pentagon, Arlington, Virginia, Respondents.**

**Civ. A. No. 70–179.**

United States District Court,
E. D. Pennsylvania.

Feb. 20, 1970.

Shuman, Denker & Land, by Richard A. Axelrod, Philadelphia, Pa., for petitioner.

Louis C. Bechtle, U. S. Atty., and Merna B. Marshall, Asst. U. S. Atty., for defendants.

## OPINION AND ORDER

HANNUM, District Judge.

This is a petition for writ of habeas corpus by William D. Scott alleging that his induction into the Armed Forces of the United States was unlawful.

Prior to August 13, 1969, petitioner was classified 1–A, and was, therefore, available for military service.

In mid-June, 1969, petitioner left this country on a European seminar tour sponsored by Gordon College.

On August 13, 1969, an order to report for induction on September 18, 1969, was issued by the petitioner's local board in Weymouth, Massachusetts.

On August 19, 1969, the local board received a letter from Westinghouse Electric Corporation that the petitioner would be working there commencing August 25, 1969, and would be one of seven engineers in his area interest. The induction scheduled for September 18, 1969, was postponed in order to enable the local board to consider this new information pursuant to 32 C.F.R. § 1625.2(b). On October 22, 1969, the local board reviewed the information and voted not to reopen. Both the petitioner and Westinghouse were so advised.

Thereafter, on November 17, 1969, the petitioner was again ordered to report for induction on December 8, 1969.

On November 25, 1969, the petitioner requested and obtained a transfer of his induction to Philadelphia.

On December 1, 1969, the local board received a letter from the petitioner declaring that he had become a conscientious objector and requesting a Form 150. On the same day, the local board mailed petitioner the requested form and set a date for a courtesy hearing at which the petitioner would have an opportunity to advance his present claim.

The hearing was held on December 11, 1969, at which time the petitioner discussed his conscientious objector claim with the local board and presented several letters in support thereof.

On December 12, 1969, the petitioner was informed that the local board had concluded that the new information did not warrant a reopening of his classification and, therefore, the local board had unanimously voted not to reopen.

On December 13, 1969, the petitioner requested an appeal from that decision.

On December 23, the petitioner was advised that the interview granted him on December 11, 1969, was merely a courtesy hearing to determine whether petitioner's classification should be reopened and that there was no right of appeal from the local board's decision not to reopen.

The petitioner submitted to induction into the Armed Forces of the United States on January 16, 1970, and contends that his induction was unlawful on the grounds that: (1) the local board failed to reopen and consider anew petitioner's classification as it was required to do by 32 C.F.R. § 1625.2; and in the alternative, (2) the local board, while purporting to refuse to reopen and consider petitioner's 1–A classification anew, did in fact so reopen and consider the same anew but refused to grant petitioner the right of appellate review as it was required to do by 32 C.F.R. § 1625.13.

With respect to the petitioner's second contention the court concludes that in a conscientious objector case, there can be no "de facto" reopening when a request to reopen is made *subsequent* to the issuance of an order to report for induction, and that, therefore, this contention is without merit. When a request to reopen is made *after* the issuance of an order to report for induction, the proviso of Section 1625.2 of 32

C.F.R. specifically prohibits the local board from reopening unless it first specifically finds that there has been a change in the registrant's status resulting from circumstances over which the registrant had no control. Thus, in a case such as this, before the petitioner's classification may be reopened, the local board must first specifically find that his beliefs ripened only after he received his induction notice, and that his belief qualify him for classification as a conscientious objector. United States v. Gearey, 368 F.2d 144, 150 (2d Cir.), cert. denied 389 U.S. 959, 88 S.Ct. 335, 19 L.Ed.2d 368 (1967); Keene v. United States, 266 F.2d 378, 384 (10th Cir. 1959). Since sincerity is the test by which the local board is to be guided in determining whether a claimant so qualifies, the procedure followed by the local board in granting the petitioner a courtesy hearing was a perfectly proper method of fulfilling the obligation imposed by the regulation.

 Therefore, since the local board determined that the new information did not warrant reopening, the petitioner had no right to appeal from that determination. United States v. Turner, 421 F.2d 1251 (3d Cir. February 10, 1970).

With respect to the petitioner's first contention, the court concludes that it too is without merit.

While it is apparent that the petitioner's alleged beliefs matured over the summer of 1969, or at latest during the fall of that year, the petitioner did not notify his local board of this change until December, 1969. Instead, the petitioner vigorously pursued an occupational deferment based upon his recently acquired employment with Westinghouse Electric Corporation. Since 32 C.F.R. § 1625.1(b) specifically requires a registrant to report to his local board "within 10 days after it occurs * * * any fact that might result in the registrant being placed in a different classification," the petitioner's conduct in that respect could have easily cast doubt in the minds of his local board as to the sin-cerity of his present claim. It is not unreasonable to require a registrant to advise his local board of his claim for deferment as soon as it has matured. To permit an endless challenge to a registrant's status would result in utter chaos. United States v. Kroll, 400 F.2d 923 (3d Cir. 1968); United States v. Gearey, *supra.*

The scope of judicial review of the actions of a local board is admitted narrow. The only question properly before the court is whether there exists any basis in fact for the decision of the local board. Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953).

After carefully reviewing the petitioner's selective service file, and hearing and observing the petitioner testify at his hearing on January 20 and 21, 1970, the court concludes that there exists a basis in fact upon which the local board could have based its decision.

Accordingly, the petition for writ of habeas corpus will be denied.