The **UNITED STATES**

v.

**Johnnie Thomas LEMMON.**

**Crim. A. No. 28829.**

United States District Court,
D. Maryland.

June 8, 1970.

Stephen H. Sachs, U. S. Atty., and Alan Lipson, Asst. U. S. Atty., Baltimore, Md., for the United States.

David S. Cordish, Baltimore, Md., for defendant.

NORTHROP, District Judge.

Johnnie Thomas Lemmon was indicted for failure to report for induction under 50 U.S.C. App. sec. 462. He was tried before this court on the basis of stipulated facts which are set out below. This court adopts the stipulated facts as its findings of fact.

Johnnie Thomas Lemmon, having properly registered with his local Selective Service board, was classified 1–A on November 7, 1968. No personal appearance was requested and no appeal was taken from that classification. On February 12, 1969, a child fathered by Lemmon, Darwin Maurice Lemmon, was born. Lemmon did not inform his local board of the birth of the child within the ten days required by 32 C.F.R. sec. 1625.1(b). On February 26, 1969, the local board mailed Lemmon an order to report for induction on March 20, 1969. Lemmon had not informed the local board of the birth of Darwin by February 26, 1969, the date of the order to re-

port, either. On March 20, 1969, Lemmon failed to appear for induction. After being advised by special agents of the F.B.I. to straighten out the matter, he appeared at his local board on May 16, 1969. He then for the first time advised the board that he was the father of a child born February 12, 1969, and that he had been married to Gloria Harris on April 26, 1969. The board considered this information and on June 5, 1969, declined to reopen his classification. By letter of June 5 he was notified of the board's decision and was told to report for induction on June 13, 1969. On that date Lemmon reported to the local board too late to be inducted and was told to return on June 16, 1969. He returned on June 16, 1969, and was transported to Fort Holabird for induction, but he left Fort Holabird without permission before his induction processing was completed. On June 17 and possibly June 18, 1969, he reported to his local board to make arrangements for another induction date. On July 1, 1969, the local board was informed by the Probation Department of the Supreme Bench of Baltimore City that the defendant was under a court order, by virtue of a paternity decree, to pay $8.00 a week to Sylvia Ann Ringgold for the support of Darwin Lemmon, born February 12. On July 9, 1969, the local board instructed Lemmon to report for induction on July 15, 1969, and Lemmon did not comply. The matter was referred to the United States Attorney. Additional information of which the local board was not informed was subsequently uncovered. A second illegitimate child sired by Lemmon was born on June 19, 1969, and a legitimate child was born to his wife, Gloria Harris, on June 23, 1969.

The sole defense Lemmon asserts is that the birth of the child Darwin on February 12, 1969, prior to the mailing of the order to report for induction, establishes a prima facie case for a III–A deferment which should have caused the board to reopen his classification when it met on June 5, 1969. He claims that the failure to reopen deprived him of the procedural rights of appearance and appeal. See 32 C.F.R. sec. 1625.13. He raises no defense based on the two births or on the marriage, all of which occurred subsequent to the mailing of the order to report.

 Under the Selective Service regulations, the burden is placed on the registrant to establish his eligibility for deferment. See 32 C.F.R. sec. 1622.1(c); cf. 32 C.F.R. sec. 1622.10 (definition of category I–A includes all who fail to establish eligibility for another classification). The registrant is placed under a duty to report to the local board within ten days any change in his status which may result in a change in his classification. 32 C.F.R. secs. 1625.1(b) and 1641.7(a). Furthermore, if a registrant fails to claim or exercise a right within the required time, he is deemed to waive it. 32 C.F. R. sec. 1641.2. As to reopening, the regulations provide the following:

> [T]he classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252) or an Order to Report for Civilian Work and Statement of Employer (SSS Form No. 153) unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control.

32 C.F.R. sec. 1625.2. Prior to the mailing of an order to report for induction, a local board "may reopen" if "facts not considered when the registrant was classified" are presented and those facts, "if true, would justify a change in the registrant's classification." 32 C.F.R. sec. 1625.2.

 Under the scheme set out in the regulations, the failure of the registrant to comply with the ten-day time period results in a waiver of the right to a deferment based upon facts which should have been reported in compliance with the regulation. Porter v. United States, 334 F.2d 792 (7th Cir. 1964); Williams

v. United States, 203 F.2d 85 (9th Cir.), cert. denied, 345 U.S. 1003, 73 S.Ct. 1149, 97 L.Ed. 1408 (1953). This proposition, however, is not without contrary authority. The issue centers on whether the "change in the registrant's status" required for reopening after an order to report means a change which occurred only after the mailing of an order to report or whether it also includes any change which occurred since the last classification. In United States ex rel. Vaccarino v. Officer of Day, 305 F. Supp. 732 (S.D.N.Y.1969), the registrant failed to notify his local board of the fact that his father had been diagnosed as having heart disease three weeks prior to receiving an order to report for induction. The Army argued that, because the registrant was aware of his father's condition more than ten days before the order was mailed, the board was not presented with a situation requiring reopening. The court said:

> The regulations do require "a change in the registrant's status resulting from circumstances beyond his control" in order to reopen after issuance of an induction order, and a registrant must notify the board within 10 days of any change in circumstances. The regulations do not, however, strictly state that the change in status must occur after the issuance of the order.

> To read the regulations as respondents urge would mean that registrants who have a legitimate change in status would automatically waive their right to a reopening, if the board issues an induction order before they have an opportunity to notify the board of the change. The right to due process cannot rest upon a race between a registrant and his board.

> Waiver of the right to a reopening has been found only where a registrant has had ample time before issuance of the induction order to notify the board of his change in status. "Ample time" means a reasonable length of time under all the circum-

stances, and the lapse of as much as three months has been held reasonable.

305 F.Supp. at 736. One of the cases cited in *Vaccarino,* Nelloms v. United States, 399 F.2d 295 (5th Cir. 1968), did involve an alternative holding to the same effect. However, the other case mentioned by the court, United States v. Kroll, 400 F.2d 923 (3rd Cir. 1968), *cert. denied,* 393 U.S. 1069, 89 S.Ct. 728, 21 L.Ed.2d 713 (1969), explicitly rejected that construction. The third circuit in *Kroll* said:

> [W]e are aware of no appellate decision holding that if a registrant has had ample time to notify the board of his claim before the induction notice is sent, but has failed to do so, he is entitled to have his classification reopened under § 1625.2. Indeed, such a holding would be anomalous since 32 C.F.R. § 1625.1(b) specifically requires a registrant to report to his local board "within 10 days after it occurs * * * any fact that might result in the registrant being placed in a different classification."

400 F.2d at 925. The rule in the fourth circuit apparently follows the *Kroll* construction. In United States v. Beaver, 309 F.2d 273 (4th Cir. 1962), cert. denied, 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed. 2d 499 (1963), the registrant had formulated conscientious objections to military service three months before an order to report for induction was mailed to him, but he failed to make that fact known to the board until after the order to report had been mailed. The fourth circuit stated:

> If [a letter requesting reclassification sent by the registrant after receiving the order to report] was too late it was because he left unfulfilled his obligation to advise the board within 10 days of any change in his status. Neither the Board nor the Court had to determine what constitutes "circumstances over which the registrant had no control," because he has never contended his status

changed after the issuance of the order to report for induction.
309 F.2d at 276–77.

Applying the construction of 32 C.F.R. sec. 1625.2 set out in *Kroll* and *Beaver* to Lemmon's situation, this court concludes that Lemmon, by failing to notify his local board of the birth of the child Darwin prior to the mailing of an order to report for induction, waived his right to assert that fact as a ground for reopening his classification. There is no claim that he was unaware of the birth of the child on February 12. He was under a duty to report the fact of the birth to the board within ten days and he failed to do so for the fourteen days after the birth and before the order to report was mailed. Furthermore, for the purposes of the III–A deferment, the term "child" includes an unborn child from the date of its conception. 32 C.F.R. sec. 1622.30(c)(1). Thus, Lemmon was free to notify the board of the impending birth long before February 12.

■ Since Lemmon relies solely upon the birth of the child on February 12, he does not rely upon a circumstance which arose after the mailing of the order to report. The local board did not, therefore, abuse its discretion when, after it had mailed the order to report, it refused to reopen Lemmon's classification on the basis of the birth. This is true whether or not Lemmon's situation as of February 12, 1969, makes out a prima facie case for III–A classification.

■ At one point in the litigation, Lemmon's defense, as this court construed it, included the claim that the board should have considered it, included the claim that the board should have considered all the information contained in Lemmon's Current Information Questionnaire of May 17, 1969, when it reconsidered his status on June 5. He abandoned that claim in his closing argument. However, this court concludes that, even if he did not intend to abandon that argument, it is without merit. The marriage and births which occurred

subsequent to the mailing of the order to report were not circumstances "beyond the registrant's control." Battiste v. United States, 409 F.2d 910 (5th Cir. 1969). The local board was not obligated to reopen Lemmon's classification on the basis of those facts.

This court, for the reasons set out above, concludes that Lemmon is guilty of failing to report for induction as charged beyond a reasonable doubt.