UNITED STATES of America

v.

Robert James SILVERA, Appellant.

No. 19242.

United States Court of Appeals, Third Circuit.

Argued April 23, 1971.

Decided May 12, 1971.

apparently did, on the reasonable assumption that no CO claim was being asserted.

 Since defendant did not exhaust his administrative remedies, there is no merit to his additional claim that he was denied the right to judicial review of his classification at trial. United States v. Deans, 436 F.2d 596 (3d Cir. 1971).

The judgment of the district court will be affirmed.

Robert P. Glickman, Glickman & Valentine, Newark, N. J., for appellant.

Jerome L. Merin, Asst. U. S. Atty., Newark, N. J. (Frederick B. Lacey, U. S. Atty., on the brief), for appellee.

Before SEITZ, ALDISERT and ROSENN, Circuit Judges.

**Willis L. GROVE, Appellant,**

v.

## OPINION OF THE COURT

PER CURIAM:

Defendant appeals a jury conviction of unlawfully failing to appear and report for induction into the Armed Forces. All of the errors assigned by defendant presuppose that he perfected a claim for conscientious objector status which should have been, but was not, processed by his local board. On his classification questionnaire, defendant signed a printed statement which read as follows: "I claim to be a conscientious objector by reason of my religious training and belief and therefore request the local board to furnish me a Special Form for Conscientious Objector (SSS Form No. 150)." Under 32 C.F.R. § 1621.11, a registrant seeking CO status "shall offer information in substantiation of his claim" on Form 150. Although defendant was furnished a Form 150 on two different occasions, the jury was reasonably entitled to conclude that defendant never returned either of these forms to his local board and that he never submitted any other papers tending to substantiate his claim. Consequently, the board was entitled to proceed, as it