**UNITED STATES of America,
Appellee,**

v.

**Bernell Scott BOSWELL, Appellant.
No. 25640.**

United States Court of Appeals,
Ninth Circuit.

Aug. 10, 1971.

Michael E. Somers (argued), of Somers, Fox, Freis & Kallen, Santa Monica, Cal., for appellant.

David Fox, Asst. U. S. Atty. (argued), William M. Byrne, Jr., U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY, BROWNING, and ELY, Circuit Judges.

ELY, Circuit Judge:

Boswell was convicted for having failed to report for induction into the Armed Forces, in violation of 50 U.S.C. App. § 462(a). Boswell here concedes that he disobeyed the Order to Report, but he maintains that the Order was invalid. We disagree; hence, we affirm the judgment of the District Court.

■ Boswell first argues that he should have been found disqualified for military service at his pre-induction physical examination. He contends that he was found by the examining physician to suffer from "chronic allergic rhinitis," a condition Boswell claims to be prima facie disqualifying. The contention is without merit. First, it is unclear from the medical report whether the "finding" at issue was even made by the physician as a medically diagnostic conclusion; it could well be merely a report of a representation made by Boswell him-

self during the taking of his medical history. Assuming, however, that the "finding" reflects the genuine conclusion of the medical examiner, it nevertheless does not dictate the registrant's automatic disqualification for military service.

Army Regulation 40–501, the pertinent subsections of which are set out in the margin,[1] specifies only particlar forms of "rhinitis" as prescribed causes for rejection. Boswell's counsel advances an ingenious semantic argument that his client's condition is equivalent to "chronic atrophic rhinitis," made disqualifying by the regulation. However, he presented no medical evidence in the District Court, and there is no suggestion, other than his ambiguous references to the Merck Manual, to support his contention. We are therefore not persuaded by his logic. If Boswell suffers from anything, it is hay fever [allergic rhinitis], a condition which, according to the Regulations, is disqualifying only "if severe[,] and if not controllable by antihistamines or by desensitization, or both." There is no indication whatsoever, in the record before us, that Boswell's allergy is disqualifying under this standard, and we are in no position to question the examining physician's critical, ultimate conclusion that, in fact, it was not.

Boswell next contends, in effect, that to sustain his conviction would do violence to his due process rights, inasmuch as his timely claim for a conscientious objector (C.O.) deferment, through no fault of his own, was not considered by his local Selective Service Board. There was testimony in the District Court that, within two weeks of his initial classification, Boswell requested a SSS Form 150 from his local Board, completed it, and mailed it back to the Board. The Form was, however, never received by the Board, and it therefore never considered the C.O. claim that, according to Boswell, was properly presented.

It is Boswell's contention that his request for the Form put the Board on notice of his C.O. claim and that it was thereafter incumbent upon the Board to take steps to ascertain the reasons for his failure to return the Form. He buttresses this argument by noting that a Board employee specifically refused his in-person request for the Form, requiring him to return home and submit the request by mail. He argues that this action amounted to the Board's selection of the mail as Boswell's exclusive medium of communication with it and, therefore, that the Board must be held responsible for any risk of his mail's loss or miscarriage. He places his principal reliance upon a District Court case, United States v. Williams, 317 F.Supp. 1363 (E.D.Pa.1970). There, in response to Williams' signature to Series VIII of his Selective Service Questionnaire [SSS Form 100], the Board mailed to Williams a Form 150 which was lost in the mail. In this circumstance, the court held that it was the duty of the Board to assure that Williams had the Form, since "the supply to a registrant of a requested Form 150 is a mandatory duty of the Board." 317 F.Supp. at 1371–72. Its failure to do so, held the court, invalidated a subsequent I–A classification and induction order.

■ Here, however, Boswell admits receipt of the Form. Thus, the above stated part of the *Williams* opinion avails him naught. The *Williams* court went on to conclude that

---

1. AR 40–501, para. 2–28:
 The causes for rejection for \* \* \* induction are—
  a. *Allergic manifestations.*
   (1) Chronic atrophic rhinitis.
   (2) Hay fever if severe; and if not controllable by antihistamines or by desensitization, or both.

 AR 40–501, para. 2–39:
 The causes for rejection for \* \* \* induction are—
  a. *Allergic manifestations.*
   (1) Allergic rhinitis (hay fever). See paragraph 2–28.

"when the Form 150 was not timely returned, it was the duty of the Board, in light of their [sic] knowledge of the defendant's desire for a procedural right, to obtain clarification from the defendant as to why the Form had not been returned and as to whether he wished to pursue his claim."

*Id.* at 1372. This conclusion, however, is also not substantially supportive of Boswell's contention. Perhaps a registrant's signature to Series VIII of Form 100 is sufficient notice of a conscientious objector claim to require his Board to make inquiry about the registrant's subsequent failure to return a completed Form 150 which the Board has reason to believe is in his possession. Boswell, however, did not sign Series VIII. He did not claim to be a conscientious objector. He merely requested that "an objector form" be sent to him.[2] We are not prepared to hold that such a request, although made in writing, amounts to such a sufficient declaration of intent to file a conscientious objector claim as to induce our application of the *Williams* rationale.[3]

 We therefore hold that it was Boswell's duty, even under *Williams*, to bring to the attention of the Board sufficient information to put it on notice of the existence of his conscientious objector claim, and that he did not fulfill this duty by requesting a Form 150, filling it out, dropping it in the mail, and, then, apparently, forgetting all about it. We further hold, noting that this is not an action sounding in contract, that Boswell could not presume that once he mailed the Form, the Board's "choice" of the mail as a medium of communication excused all further duty on his part to verify its receipt by the addressee. Ex-

actly what additional steps might be required to satisfy either duty, we leave for discussion in an appropriate case.

Affirmed.

---

2. Boswell's request, in its entirety, was as follows: "Dear Sir: Please send me an objector form. Thank you." Series VIII of Form 100 warns the registrant: "Do not sign this series unless you claim to be a conscientious objector." It requires the registrant to sign a statement which begins, "I claim to be a conscientious objector * * *."

3. As the question is not now before us, we express no view on the correctness of the result in *Williams*. However, insofar as *Williams* may be read to encompass registrants in Boswell's circumstances, we expressly disapprove of such an extension.