**UNITED STATES of America**
v.
**Melvin Harvey TOBIAS, Appellant.**
**No. 19351.**

United States Court of Appeals,
Third Circuit.

Argued May 6, 1971.

Decided May 25, 1971.

As Amended on Denial of Rehearing
Sept. 3, 1971.

Allan H. Cohen, Gatz, Cohen & O'Brien, and Michael Malakoff, Pittsburgh, Pa., for appellant.

Kathleen Kelly Curtin, Asst. U. S. Atty., Pittsburgh, Pa. (Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., on the brief) for appellee.

Before HASTIE, Chief Judge, and KALODNER and ALDISERT, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

This is an appeal from a conviction for unlawfully failing to report for induction into the armed services. Certain of the errors relied upon by appellant "presuppose that he perfected a

claim for conscientious objector status which should have been, but was not, processed by his local board," United States v. Silvera, 441 F.2d 1152 (3 Cir. 1971). Originally issued a II–S deferment based on his status as a student at the University of Pittsburgh, appellant was later classified I–A. He was mailed Form 217, "Advice of Right to Personal Appearance and Appeal," which informed him that he had 30 days from the I–A reclassification in which to ask for a personal appearance or to appeal. Nine days thereafter he wrote as follows: "I, Melvin Tobias, request Form SS 150 to begin procedures for I–O classification." The secretary of the local board, complying with his request, sent him the form, returnable on or before February 17, 1969. The registrant did not fill out the requested Form 150 and did not return it to the board. Later he was mailed and requested to complete and return a "Current Information Questionnaire" (Form 127). This too was ignored by the registrant.

22 C.F.R. § 1621.11 requires a registrant seeking C. O. status to "offer information in substantiation of his claim" on Form 150. Local Board Memorandum No. 41, then in effect, provided that "[a] registrant should be considered to have claimed conscientious objector to war if he has signed series VIII of the classification questionnaire (SS Form No. 100), if he has filed a special form for conscientious objector (SS Form No. 150), or if he has filed any other written statement claiming that he is a conscientious objector."

■ We have concluded that the naked request for a Form 150 does not qualify as a "written statement claiming that [one] is a conscientious objector." Moreover, because the registrant

failed to complete and return the furnished Form 150, "the board was entitled to proceed, as it apparently did, on the reasonable assumption that no C.O. claim was being asserted," United States v. Silvera, *supra.*

Appellant also contends that the local board was illegally constituted, because three of the five members were not residents of the area in which the local board had jurisdiction. Regulation 1604.52(c) then provided:[1]

> The members of local boards shall be citizens of the United States who shall be residents of a county in which their local board has jurisdiction and who shall also, if at all practicable, be residents of the area in which their local board has jurisdiction.

It was stipulated at trial that five members of boards other than the local board in question resided within the area but were not members of this board.

Appellant's challenge to the constitution of his local board was first asserted as an attack on his classification made in his defense to the criminal proceedings below. At no time did the registrant so challenge his classification at any administrative level of the Selective Service System.[2] This failure to exercise his right of appeal, and so to exhaust his available administrative remedies, bars this subsequent attack. United States v. Zmuda, 423 F.2d 757, 761 (3 Cir. 1970); United States v. Grundy, 398 F.2d 744, 746 (3 Cir. 1968); DuVernay v. United States, 394 F.2d 979, 981 (5 Cir. 1968), aff'd 394 U.S. 309, 89 S.Ct. 1186, 22 L.Ed.2d 306 (1969).

In United States v. Deans, 436 F.2d 596, 600 (3 Cir. 1971), this court said:

> In McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194

---

1. 32 C.F.R. 1604.52(c) presently provides:
   The members of local boards shall be citizens, male or female, of the United States who shall be residents of the county in which their local board has jurisdiction.

2. A registrant has the right to appear before his local board to contest his classi-

fication, 32 C.F.R. §§ 1624.1, 1624.2, and to appeal to the state appeal board from an adverse decision, 32 C.F.R. §§ 1624.2 (e), 1624.13. A further appeal may be taken by the registrant to the National Selective Service Appeal Board if one or more members of the state appeal board dissents from the board's decision, 32 C.F.R. § 1627.3.

(1969), the Supreme Court set forth a number of guidelines for the application of the exhaustion doctrine in selective service cases. The Court began with the premise that a registrant's failure to appeal his classification should not foreclose all judicial review in a criminal case *unless there is a compelling governmental interest to be served in having the Selective Service System decide the case before it reaches the courts.* [emphasis supplied]

There is patently a "compelling governmental interest" in placing before the Selective Service System a challenge to the constitution of one of its local boards. This interest is manifested in a statutory scheme which entrusts to the Selective Service System the power to define the jurisdiction and composition of the local boards.[3] And since the statutory apparatus for establishing local boards is vested within the system itself, it is there that such a challenge must usually first be brought. The government has a justified interest in insuring that challenges to the manner in which its selective service regulations are implemented are timely and expeditiously raised before the very administrative agency on whose expertise in these matters Congress so heavily relies. This is particularly true where, as here, the basis on which board action is challenged is neither constitutional nor statutory, but emanates from a regulation promulgated from within the Selective Service System itself.[4]

■ We hold that because appellant did not challenge the composition of the board at any level in the selective service system, he was precluded from raising it for the first time as a defense in this prosecution. We emphasize that we decide only that a challenge to a local board on the ground that a majority of its members are not residents of the area in which the local board has jurisdiction may not be first asserted as a defense to criminal proceedings under the circumstances presented by this record, i. e., where no specific allegation of discrimination, bias, or prejudice has been lodged against the board.

The judgment of the district court will be affirmed.

3. Military Selective Service Act of 1967, § 10(b) (3). Local board areas are established by the State Director of Selective Service, 32 C.F.R. § 1604.51, who is himself appointed by the President of the United States upon the recommendation of the state's governor, 32 C.F.R. § 1604.11. Local board members are also appointed by the President upon the Governor's recommendation, 32 C.F.R. § 1604.52(b).

Appeals from board decisions are not limited to the registrant. The state director or national director may appeal to the National Selective Service Appeal Board from any determinations of the state appeal board, 32 C.F.R. § 1627.1.

4. The Military Selective Service Act of 1967, like the present regulation, requires only that "each member of any local board shall be a civilian who is a citizen of the United States residing in the county or political subdivision corresponding thereto in which such local board has jurisdiction. * * *" 50 App.U.S.C. § 460(b) (3).