**UNITED STATES of America**

v.

**Raymond Joseph DAVIS.**
**Crim. No. 72–8–Erie.**

United States District Court,
W. D. Pennsylvania.

Nov. 20, 1972.

**1260**

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for plaintiff.

Stephen H. Hutzelman, Erie, Pa., for defendant.

## OPINION AND ORDER

KNOX, District Judge.

The defendant is charged with failure to submit to induction into the Armed Forces of the United States under the Military Selective Service Act of 1967 in violation of Title 50 U.S.C.A. App. Sec. 462(a). Upon a trial without a jury, this court makes the following findings of fact:

(1) Raymond Joseph Davis, the defendant, is registered with the Local Board No. 63 in Erie, Pennsylvania, as required by the Selective Service Act.

(2) On August 8, 1967, he was classified I–A by Local Board No. 63.

(3) On May 1, 1968, he was found acceptable for service in the armed forces and notified to that effect May 21, 1968.

(4) On February 13, 1969, he was ordered to report for induction on March 3, 1969.

(5) On February 19, 1969, his mother requested that he be deferred for hardship reasons.

(6) On February 26, 1969, his induction was postponed until April 1969 to permit consideration of his hardship deferment application (III–A).

(7) On April 3, 1969, he was classified III–A for six months.

(8) On October 2, 1969, Local Board No. 63 received information on a SSS Form 109 from Brevard Junior College, Cocoa Beach, Florida, that the defendant was enrolled as a full-time student.

(9) On January 8, 1970, he was classified II–S by Local Board No. 63 and was so notified.

(10) On December 3, 1970, he was classified I–A since the Board was not notified that he was pursuing a full-time course of study at any college. This I–A Classification was not appealed by the defendant within 30 days as prescribed by law.

(11) On January 4, 1971, he was mailed an order to report for induction on January 18, 1971, at 5:30 a. m. This letter was mailed to his mother's address in Erie. Previous letters to his last known address, 880 Diplomat Boulevard, Apartment No. 8, Cocoa Beach, Florida 32931, were returned "Moved, left no address". He had given his mother's address in Erie as a place where someone would always know his whereabouts.

(12) The induction notice was received by his mother some time prior to January 14 and forwarded by her to defendant in Florida were he received it on January 18, 1971.

(13) A letter dated Thursday, January 14, 1971, was purportedly received Monday, January 18, 1971, by the Local Board from the defendant's mother requesting a III–A hardship exemption and stating that the defendant was in college in Georgia.

(14) On January 18, 1971, the defendant failed to report for induction.

## DISCUSSION

The defendant has moved for acquittal on three grounds. First, that the order for induction was invalid, second, that the induction notice was improperly mailed and third, that Local Board No. 63 was not properly constituted.

### I. *Validity of the Induction Order.*

The defendant contends that the January 14th request of his mother for a III–A hardship classification should have been considered and acted upon by the Local Board. Under the administrative procedures formulated for processing selective service classifications, a registrant has thirty days after he has been re-classified to appeal this reclas-

sification to his local board. Raymond Davis was reclassified I–A on December 3, 1970, and he had until January 3, 1971, to appeal this classification. This he did not do.

■ The United States Supreme Court in McGee v. United States, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971) dealt with the issue of exhaustion of administrative remedies by a registrant. In that case the court considered the application of the exhaustion doctrine to a defendant who was reclassified I–A and failed to appeal his reclassification. The court said:

> " . . . the task for the courts, in deciding the applicability of the exhaustion doctrine to the circumstances of a particular case, is to ask 'whether allowing all similarly situated registrants to bypass (the administrative avenue in question) would seriously impair the Selective Service System's ability to perform its functions.' " 402 U.S. at 484, 91 S.Ct. at 1569.[1]

Keeping in mind the suggestions of the court in McGee, we must conclude that the defendant, Raymond Davis, has failed to exhaust his administrative remedies. A III–A hardship classification depends upon particular factual questions which the expertise of the administration of the Selective Service System was designed to resolve.[2]

The defendant next contends that Local Board No. 63 should have reopened his classification upon receiving the letter dated January 14 from his mother, which requested the board to return her son to a III–A hardship deferment and also mentioned he was attending college. This contention is untenable for two reasons: First, the request for III–A exemption was untimely. Second, a classification will not be reopened after the induction notice is sent unless facts arise after the sending of the induction notice over which the defendant had no control.

■ Turning to the first reason, that of untimeliness, the government quotes from Blades v. United States, 407 F.2d 1397 (9th cir. 1969) that if the board does not have the request for reclassification prior to the time for induction, it cannot be faulted for failure to reopen the classification. Although there is merit in this argument, the facts in Blades were somewhat different. In Blades the Selective Service Form was mailed at such a time that it could not have been expected to reach the local board prior to the induction date. The court in Blades specifically reserved judgment as to "what would happen if a registrant were to mail such a [request] in sufficient time to be received in the ordinary course of the mails, but the form were lost or delayed in transit." Blades v. United States, supra, 407 F.2d p. 1399.

It is doubtful in our case as to whether the Thursday, January 14th letter of Mrs. Davis was received by the local board prior to 5:30 Monday, January 18th induction date or not. It makes little difference in our opinion. The letter of January 14 although sufficient on its face to induce a local board to

---

1. The court further counseled " . . . the contention that the rigors of the exhaustion doctrine should be relaxed is not to be met by mechanical recitation of the broad interests usually served by the doctrine but rather should be assessed in light of a discrete analysis of the particular default in question, to see whether there is a 'governmental interest compelling enough' to justify the forfeiting of judicial review." 402 U.S. at 485, 91 S.Ct. at 1569.

2. " . . . As to classification claims turning on the resolution of particular fact questions, 'the Selective Service System and the courts may have a stronger interest in having the question decided in the first instance by the local board and then by the appeal board, which consider the question anew' ". McKart v. United States, 395 U.S. 198, 89 S.Ct. 1657, 23 L.Ed.2d 194. "Certain failures to exhaust may deny the administrative system important opportunities, 'to make a factual record' for purposes of classification, or 'to exercise its discretion or apply its expertise' in the course of decision making." McGee, supra, 402 U.S. at 484, 91 S.Ct. at 1569.

reopen a registrant's classification[3] came at such a time prior to induction that Local Board No. 63 did not have sufficient time in which to act. We will not encourage a disruption of the Selective Service System by last minute filing of requests for reopening of classifications on or just prior to induction dates.

The second reason for denying defendant's challenge of the induction order is that stated by the United States Supreme Court in Mulloy v. United States, supra, when it commented at page 414, 90 S.Ct. at page 1770:

> "If reclassification is sought *after* an order to report for induction has been mailed to the registrant, the regulations provide that the classification 'shall not be reopened . . . unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control.' 32 C.F.R. § 1625.2."

After reviewing the record, it seems clear that the defendant's status had not changed in any manner since the notice of induction was mailed on January 4, 1971. He clearly knew prior to January 4 whether or not he would fall within the III–A hardship classification since he had been classified III–A in 1969.

Therefore, we conclude that the induction order was valid.

## II. *The Propriety of the Mailing of Raymond Davis' Induction Order.*

The defendant relies on Draft Regulation Section 1641.3 to support his motion for acquittal.[4]

The defendant's latest mailing address known by Local Board No. 63 was 880 Diplomat Boulevard, Cocoa Beach, Florida 32931. The evidence clearly shows that defendant moved from this address prior to induction without notifying his local board as to his new address. By law, a registrant is required to keep his local board notified of any address change. In 1943, the United States Supreme Court in Bartchy v. United States, 319 U.S. 484, 489, 63 S.Ct. 1206, 1208, 87 L.Ed. 1534 (1943) commented upon this requirement, when it stated that:

> "The regulation, it seems to us, is satisfied when the registrant, in good faith, provides a chain of forwarding addresses by which mail, sent to the address which is furnished the board, may be by the registrant reasonably expected to come to his hands in time for compliance."

It seems clear to this court that the defendant did not keep his local board informed of his current mailing address. He was aware of his I–A status and that induction would follow. Moreover, he was in apparent contact with his mother, who received the notice, since he claims he was helping to support her. The testimony showed that Local Board No. 63 sent several letters to his Cocoa Beach address and that these letters were returned, stamped "Moved, left no address". This court does not believe that the local board must continue to do a useless act by sending the notice of induction to the old Florida address.

Even if the defendant could be excused for not having kept his address current and therefore not receiving his induction notice until January 18, a further deciding factor in deciding defendant's fate must be his failure to proceed to a local board in Florida when he received his induction papers.

The Selective Service System provides that a registrant, who is unable to comply with his induction order due to his distance from the reporting place, should

---

3. See that test in United States. v. Pompey, 445 F.2d 1313, 1320 (3d Cir. 1971) and Mulloy v. United States, 398 U.S. 410, 416, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970).

4. "The mailing of any order, notice or blank form by the local board to a registrant at the address last reported by him to the local board shall constitute notice to him of the contents of the communication, whether he actually receives it or not."

go *immediately* to any local board in his area and make a written request for transfer of his induction. This instruction appears in the first paragraph of the induction order and we do not see any reason why this defendant should be permitted to disregard this directive until two days later.

Therefore, we must conclude that the mailing of Raymond Davis' induction order to his mother's address was proper for the above reasons.

III. *Whether Local Board No. 63 Was Improperly Constituted so as to Invalidate the Defendant's Induction Order.*

■ Defendant argues that because one of the five members of Local Board No. 63 was not residing within the geographical area constituting the board's jurisdiction, the board was improperly constituted and therefore defendant's induction order was invalid. We find no merit in this contention. The Third Circuit in United States v. Tobias, 447 F.2d 227, cert. den. 404 U.S. 1023, 92 S.Ct. 673, 30 L.Ed.2d 674 (3d Cir. 1971) denied a challenge to the geographical jurisdictional composition of the board as a defense to a criminal prosecution whenever that challenge was not raised at the administrative level of the Selective Service System. We believe Tobias controls here.

The two cases cited in the defendant's brief do not control our situation. In United States v. Williams, 317 F.Supp. 1363 (E.D.Pa.1970) improper composition of the board was allowed as a defense to a criminal prosecution for refusal to be inducted despite failure of the defendant to exhaust administrative remedies. This case was decided a year prior to Tobias and it is contrary to its rationale and therefore must give way to the Tobias ruling.

■ It should be noted that both United States v. Williams, supra, and United States v. Marshall, 340 F.Supp. 117 (E.D.Pa.1972) dealt with local boards in which *all* of the board members were residing outside the geographical limits of their board's jurisdiction. In our case, only one of the five board members resides outside of the board's jurisdiction. We mention at this point that the boundaries of Local Board No. 63 cut through the City of Erie and that the one member residing outside Local Board No. 63's geographic jurisdiction lives within the City of Erie. The rationale for the regulation that the board members be residents within their board's jurisdiction was to afford registrants the opportunity of having their cases acted upon by a member from their community. We believe that a board member who resides within the city only a few blocks from the local board's jurisdictional line meets the spirit as well as the letter of the regulation. The defendant has not been prejudiced. There is no charge of discrimination, bias or prejudice. We therefore conclude that Local Board No. 63 was properly constituted and that the induction order issued to Raymond Joseph Davis was valid.

For all of the foregoing reasons, we conclude that Raymond Joseph Davis did violate the Selective Service Laws by failing to report for induction on January 18, 1972, and must be adjudged guilty.