**UNITED STATES of America**

v.

**James Robert LEDERER.**

**Crim. No. 70-487.**

United States District Court,
E. D. Pensylvania.

Oct. 29, 1973.

James H. Manning, Jr., Asst. U. S.
Atty., Robert E. J. Curran, U. S. Atty.
E. D. Pa., Philadelphia, Pa., for the
Government.

Austin Hogan, Philadelphia, Pa., for
defendant.

## OPINION AND ORDER

MASTERSON, District Judge.

James Lederer is charged in a one
count indictment with failure to comply
with a valid and lawful order of Local
Draft Board No. 144, 3701 North Broad
Street, Philadelphia, dated March 23,
1970, directing him to report for and
submit to an armed forces physical ex-
amination on April 13, 1970, at 401
North Broad Street, Philadelphia, in vio-
lation of 50 U.S.C. App. § 462.

On April 16, 1966, defendant was clas-
sified II–S by Local Board No. 144 on
the basis of a Classification Question-
naire completed by him. In answer to
Series VIII of the Questionnaire, de-
fendant claimed conscientious objector
status and requested that the Local
Board send him Special Form SSS–150.
The form was not forwarded to the de-
fendant until February 4, 1969. It was
either never returned to or never re-
ceived by the Local Board. Over a year

later, on March 23, 1970, the defendant was notified to report for an armed forces physical examination. The order specified the date, April 13, 1970, and time, 7:30 A.M., of the examination, but did not designate the place the exam would be given. Defendant did not report for the physical examination. He was indicted on September 3, 1970.

On December 10, 1970 the Local Board received a letter from the defendant, dated December 7, 1970, stating that he had sent the Board his conscientious objector application in July, 1969 and that the Post Office or the Board had lost it. Early in 1971 the defendant became a fugitive and he was not apprehended until January, 1973.

This case was tried before us without a jury on June 25, 1973. At trial two questions were presented. The parties have submitted briefs on these issues and have agreed that their resolution will be determinative of the defendant's guilt or innocence. The parties do not disagree with any of the relevant facts.

The first question presented is whether a Local Board is under an affirmative duty to inquire of the registrant's apparent failure to return or complete a requested Form SSS–150 before the Board can order the registrant to take an armed forces physical examination. The second question is whether an order to report for a physical examination which fails to designate the place of the proposed exam, but is accurate and correct in all other respects, constitutes legally inadequate notice to the registrant, justifying failure to report.

## OPINION

Defendant has directed us to our decision in United States v. Williams, 317 F.Supp. 1363 (E.D.Pa.1970), in support of his contention that the Local Board had an affirmative duty to determine why there was no response from the registrant after the requested Form SSS–150 was mailed to him. In the *Williams* case the registrant notified the Board of his desire for conscientious objector status when he completed and returned the Classification Questionnaire and signed Series VIII of that form. Series VIII is entitled "Conscientious Objector" and contains a warning to the registrant: "Do not sign this series unless you claim to be a conscientious objector." It requires the registrant to sign the following statement: "I claim to be a conscientious objector by reason of my religious training and belief and therefore request the local board to furnish me a Special Form for Conscientious Objector (SSS Form No. 150)."

The special form was sent to Williams at his known address, but the defendant never received it, the Board never made further inquiry to determine why the form was not returned and, consequently, never considered the merits of his C. O. claim before he was reclassified. We held that Williams could not be found guilty of 50 U.S.C. App. § 462 unless there was a valid induction order and a prerequisite to such an order is procedural due process. Because the Board failed to afford the defendant the means of adequately presenting his C.O. claim, Williams was denied due process and the order to report for induction was invalid.

Our holding in the *Williams* case that the Board obtain clarification from the registrant when a Form SSS–150 has not been timely returned was grounded on our factual finding (see Finding of Fact No. 6) that the defendant had never received the form in the first place. The defendant in this case has liberally interpreted our holding to require the Board to contact and inquire of all registrants who have not returned requested forms within a timely period whether or not they have received such forms and intend to return them. *Williams* should not be interpreted as extending to registrants who have been provided with the requested forms. The *Williams* decision simply does not go that far.

*Williams* should be construed only as an affirmation of the Board's duty to supply registrants with the re-

quested form. Failure to do so is a violation of a mandatory requirement imposed by law. See 32 C.F.R. § 1621.11; United States v. William Kroll, 400 F.2d 923, 926 (3rd Cir. 1968), cert. denied, 393 U.S. 1069, 89 S.Ct. 278, 21 L.Ed.2d 713 (1969). In the instant case the Board complied with its duty to supply the defendant with the requested Form SSS–150, although somewhat belatedly. Defendant's letter to the Board, dated December 7, 1970, indicates that he received it.

In view of the factual dissimilarity between *Williams* and the instant case, defendant's reliance on that case is misplaced.

While the Board has an obligation to supply forms to registrants who request them, the registrant is under a concomitant duty to return them within a timely period if he wishes to pursue his claim. The Form SSS–150 advises the registrant to complete and return it within 30 days. We note that the defendant states he returned the form *six months* after receiving it.

The Government contends, however, that defendant has failed to perfect his asserted claim for C.O. status because he did not complete and return the form supplied by the Board. In United States v. Tobias, 447 F.2d 227 (3rd Cir. 1971), the court held that a "naked request" for a Form SSS–150 does not qualify as a " 'written statement claiming that [one] is a conscientious objector.' " Because the registrant did not complete and return the requested form, " 'the board was entitled to proceed, as it apparently did, on the reasonable assumption that no C.O. claim was being asserted.' " 447 F.2d at 228, citing United States v. Silvera, 441 F.2d 1152, 1153 (3rd Cir. 1971).

Defendant maintains that he did return Form SSS–150 and it was misplaced by either the post office or the Board. If we accept that statement as true, then *Tobias* and *Silvera* are clearly inapplicable. Defendant's return of the form would constitute far more than a mere "naked request." He had pre-

viously signed Series VIII of the Classification Questionnaire declaring himself to be a conscientious objector and requested the necessary form to offer substantiation of his claim. 32 C.F.R. § 1621.11. He received the form and, according to his letter, completed and mailed it to the Board.

We have found no cases in this Circuit which set forth the duties of the parties involved after the registrant has returned a completed Form 150 to the Board. The Ninth Circuit noted in United States v. Boswell, 446 F.2d 468 (9th Cir. 1971), that:

"Perhaps a registrant's signature to Series VIII of Form 100 [Classification Questionnaire] is sufficient notice of a conscientious objector claim to require his Board to make inquiry about the registrant's subsequent failure to return a completed Form 150 which the Board has reason to believe is in his possession." 446 F.2d at 471.

■ We might be inclined in appropriate circumstances to hold that the registrant's mailing of the requested form following his signature to Series VIII fulfills his duty under the law and excuses further effort to verify receipt by the Board. We choose, however, not to believe the statement in defendant's letter, dated December 7, 1970, that he returned the requested form in July, 1969.

The defendant's letter is a self-serving declaration mailed eight months after he was to report for his physical examination and three months after his criminal indictment for failure to comply with the Board's order. Defendant had three weeks after notice to report was mailed to him in March, 1970 to contact the Board and notify it of his claim for C.O. status. Instead, his letter closely preceded the date upon which he was to appear in court to answer the charge against him. Defendant failed to appear and went "underground" for two years. Before he became a fugitive, defendant did not keep the Board informed of his current address.

The defendant's actions are not indicative of one who has attempted to assert a procedural right, but failed to obtain any response from the Board. Rather they indicate that the defendant knew he had broken the law and attempted to extricate himself from the consequences, first by devising a letter to excuse his conduct and then by running away.

■ Even if the defendant could show that his classification was invalid, this is not a defense to a prosecution for failure to report for a physical examination. See United States v. Zmuda, 423 F.2d 757, 759 (3rd Cir. 1970); United States v. Shriver, 473 F.2d 436, 437 (3rd Cir. 1973).

■ Having decided that the Local Board is not under an affirmative duty to inquire of the registrant's failure to return a requested Form SSS–150, we must now decide the second issue before us. Defendant urges that because the order to report for a physical examination failed to designate the place the exam would be given, although it stated the date and time, the said order was invalid. Defendant cites Robertson v. United States, 404 F.2d 1141, 1146 (5th Cir. 1968), in support of his contention.

"[I]t is of the essence of the validity of board orders and of the crime of disobeying them that all procedural requirements be strictly and faithfully followed, and . . . a showing of failure to follow them with such strictness and fidelity will invalidate the order of the board and a conviction based thereon."

Counsel has cited no cases in which an order of a Local Board was deemed invalid because of failure to designate where the exam would be given. Our research has uncovered no case in which this situation has arisen.

■ We hold, however, that the failure to include the place of examination was not fatal to the Board's order of March 23, 1970. Although we can appreciate the uncertainty such an error might generate, any doubt on the registrant's part could have been removed by contacting the Local Board to correct the error. The crucial question is whether or not the registrant is required to do more than merely ignore an incomplete order.

The Order to Report for Armed Forces Physical Examination (Form SSS–223) contains an "Important Notice" which all registrants are instructed to read carefully. All registrants are warned that failure to report will result in sanctions against them. Class I–A and I–A–O registrants are subject to fine and imprisonment. Class I–O registrants are subject to be ordered to perform civilian work in the same manner as if they had taken the examination and had been found physically qualified. Registrants unable to comply with the order because of location in another area are instructed to report to the Local Board in that area and request a transfer for examination. The Form SSS–223 contains the registrant's Local Board number and its address.

■ In light of the information supplied, it is not unfair to compel the registrant to at least contact his Local Board to correct the error. Knowledge of the criminal sanctions puts the registrant on notice. Inclusion of the Board's address makes the registrant's task a relatively simple one.

There is no unfairness or hardship here. The Board's incomplete order falls far short of the lawless action condemned in Breen v. Local Board No. 16, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970); Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970) and Oestereich v. Local Board No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968).

The defendant had nearly three weeks to contact his Local Board to inquire where the examination would be held. He was aware of the sanctions for failure to report. Moreover, an examination of defendant's Selective Service file reveals that he was mailed four other orders to report for physical examina-

tion,[1] each containing the date and time to report and ordering the registrant to appear at the same place, "Joint Exam & Ind. Station, Terminal Bldg., Mezz., 401 N. Broad St., Phila. 8, Pa." Defendant's correspondence with his local Board indicates that he received those orders. He knew where he was supposed to report even if the fifth order to appear for physical examination failed to state the place. He knowingly and unlawfully failed, neglected and refused to comply with the Board's order.

For the aforementioned reasons, we find the defendant, James R. Lederer, guilty as charged.

1. The first notice to report for physical examination was sent on December 20, 1966, the second on December 15, 1967, the third on March 19, 1968 and the fourth on April 17, 1968. This prosecution, however, arises out of defendant's failure to comply with the fifth notice to report which was sent to him on March 23, 1970.